**LAW OFFICES OF THOMAS M. MULLANEY**
Thomas Mullaney (TM 4274)
tmm@mullaw.org
489 Fifth Avenue, Suite 1900
New York, NY 10017
Tel: 212-223-0800

*Attorney for Plaintiff Lori D. Gordon, Individually*

AND

**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*Pro Hac Vice*)
acarney@cbplaw.com
David Slade (*Pro Hac Vice*)
dslade@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500 Telephone
(501) 312-8505 Facsimile

*Attorneys for Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lori D. Gordon, on behalf of herself and all others similarly situated, )<br><br>                              Plaintiff,<br>       v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; JASON NATURAL PRODUCTS, INC., a California corporation,<br><br>                              Defendants. | **No.**<br><br>**CLASS ACTION COMPLAINT**<br><br>**Demand for Jury Trial** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Lori D. Gordon ("Plaintiff"), through undersigned counsel, individually and on behalf of all persons similarly situated, alleges the following based on personal knowledge as to allegations regarding herself, and on information and belief as to other allegations.

## INTRODUCTION AND FACTUAL ALLEGATIONS

1.     This is a civil action seeking monetary damages and restitution from The Hain Celestial Group, Inc., and Jason Natural Products, Inc., (hereinafter "Hain Celestial," "Jason Natural," and/or "Defendants") alleging Negligent Misrepresentation, Breach of Express Warranty, Unjust Enrichment as well as violations of New York's False Advertising Law, N.Y. Gen. Bus. Law § 350, *et seq.*, and New York's Deceptive Trade Practices Act, N.Y. Gen. Bus. Law § 349, *et seq.*, all stemming from Defendants' deceptive marketing of certain of their cleaning and personal care products (hereinafter "Products") as being free of sodium lauryl sulfate ("SLS").

2.     SLS is a synthetic surfactant used in many cleaning and personal hygiene products. Exposure to SLS can cause adverse health effects, however. Indeed, the International Labour Organization has cautioned that short-term exposure to SLS can be "irritating to the eyes, skin and respiratory tract."[1] With regard to long-term exposure, the Organization has warned that "[r]epeated or prolonged contact with skin may cause dermatitis."[2] Another concern is that the manufacturing process for SLS occasionally creates trace amounts of 1,4-dioxane, a possible carcinogen.[3]

3.     Hain Celestial describes itself as "a leading organic and natural products company with operations in North America, Europe and India."[4] Hain Celestial manufactures and sells natural health and beauty products under the Jason Natural brand and under other brands such as

---

[1] INTERNATIONAL LABOUR ORGANIZATION, INTERNATIONAL CHEMICAL SAFETY CARD FOR SODIUM LAURYL SULFATE (1997), *available at* http://www.ilo.org/legacy/english/protection/safework/cis/products/icsc/dtasht/_icsc05/icsc0502.htm

[2] *Id.*

[3] *See* 'Natural' Product Claims Can Be Murky, by Serena Ng, WSJ, March 29, 2016 (available at http://www.wsj.com/articles/natural-product-claims-can-be-murky-1459296027).

[4] http://www.hain.com/company/

Avalon Organics, Alba Botanica, Queen Helene, and Earth's Best.[5] The companies have long claimed that their products do not contain any "harsh chemicals" such as SLS. For instance, Jason Natural's shampoo products feature a prominent label that states: "NO Parabens, SLS, Petrolatum, Artificial Colors or Phthalates."[6]

4.     On March 10, 2016, the Wall Street Journal reported that it had commissioned two independent laboratories to test Hain Celestial's Products for SLS.[7] Both labs found that the Products contained substantial amounts of the chemical.[8]

5.     In response to these test results, Hain Celestial has argued that it does not add SLS to its Products; instead, it uses sodium coco sulfate ("SCS").[9] The company alleges that SCS "is plant-derived, meets our high standard for gentleness, and creates a luxurious sudsy lather during use."[10] Multiple chemists, however, concur that SCS is merely a blend of cleaning agents that contains about 50% SLS.[11]

6.     In light of this fact, Hain Celestial now acknowledges that "there may be some amount of sodium lauryl sulfate contained in some of our surfactant products as a constituent of the sodium coco sulfate."[12]   Each of these specific Products advertises that the product contains "NO…SLS" on the product's packaging, but the listed ingredients include SCS.  The specific Products are as follows:

---

[5] *See id.*

[6] *See, e.g.*, http://www.images-iherb.com/l/JAS-02100-7.jpg

[7] *See* Hain Celestial to Reformulate Some Products, Drop Claim on Chemical, by Serena Ng, WSJ, April 3, 2016 (available at http://www.wsj.com/articles/hain-celestial-to-reformulate-some-products-drop-claim-on-chemical-1459730257).

[8] *See id.*

[9] *See* http://www.jason-personalcare.com/faq

[10] *See id.*

[11] *See* Hain Celestial Removing Claim About Chemical on Personal Care Products, by Susanana Kim, ABC News, April 5, 2016 (available at http://abcnews.go.com/Business/hain-celestial-removing-claim-chemical-personal-care-products/story?id=38146770).

[12] *See* http://www.jason-personalcare.com/faq

(a)    **Long & Strong Jojoba Pure Natural Shampoo**

(b)    **Volumizing Lavender Shampoo**

(c)    **Normalizing Tea Tree Treatment Shampoo**

(d)    **Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner**

(e)    **Smoothing Coconut Body Wash**

Copies of the packaging of each of these Products, along with their respective ingredients lists, are attached hereto as Exhibit A. At present, the company claims it is in the process of removing SLS-free claims from the Products' packaging.[13]

7.    From 2011 to 2016, Defendants marketed and advertised their Products as being SLS-free even though they knew that the Products contained substantial amounts of SLS. This class action seeks damages, injunctive, and declaratory relief on behalf of a class of all persons who purchased Defendants' Products during the Class Period defined below.

8.    From November 2012 until March 2016, Plaintiff regularly purchased Defendants' Products. Specifically, Plaintiff purchased Jason's Long & Strong Jojoba Pure Natural Shampoo; Volumizing Lavender Shampoo; Normalizing Tea Tree Treatment Shampoo; Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner; and Smoothing Coconut Body Wash. Plaintiff purchased said Products from A Matter of Health, a health food retailer located at 1478 1st Avenue, New York City, New York 10075,[14] after reading and relying upon representations on Defendants' Products' labels that the Products were free of SLS. Indeed, Plaintiff, aware of the dangerous side effects of SLS, purchased Defendants' Products for the express purpose of

---

[13] *See id.*

[14] Throughout this period, Plaintiff also purchased Defendant's Products at Whole Foods at various locations in Connecticut, as well as a family-owned health food store named Provisions in Sag Harbor, New York.

avoiding coming into contact with SLS. Had the Products *not* been misleadingly labeled as being SLS-free, Plaintiff would not have purchased those Products.

9. Concerning the conduct and claims giving rise to this litigation and described herein, Defendants' acts, practices, and omissions with regard to the Products has been at all relevant times substantially similar.

10. Plaintiff and others purchased Defendants' Products throughout the United States for household and consumer purposes.

11. Defendants caused the Products to be produced, supplied, promoted/marketed, and sold to consumers with the representation that said Products contained "no…SLS," when Defendants knew or should have known that the Products contained SLS.

12. Defendants intended to induce consumers to purchase their Products by identifying the Products as containing fewer harmful chemicals than competing products (specifically, SLS).

13. Defendants' misleading representations with regard to the absence of SLS in the Products were material. Plaintiff and members of the Class and each Subclass would not have purchased Defendants' Products, or would have paid less for them, if they had known that, contrary to Defendants' assertions, they contained SLS.

14. In their dealings with Plaintiff and other consumers, Defendants have violated state sales laws and various state consumer protection acts, as alleged herein. Plaintiff brings this suit in order to vindicate her own rights and those of consumers nationwide.

## JURISDICTION AND VENUE

15. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq*., and 28 U.S.C. § 1332(d), which vests original

jurisdiction in the district courts of the United States for any multi-state class action where the aggregate amount in controversy exceeds five million dollars and where the citizenship of any member of the class of plaintiffs is different from that of any of Defendants. The amount-in-controversy and diverse-citizenship requirements of CAFA are satisfied in this case. Given that Defendants sell their Products nationwide, and that there are widespread reports of the misrepresentations and defects alleged herein, Plaintiff believes, and therefore alleges, that the aggregate amount in controversy well exceeds five million dollars.

16.     As to CAFA's diverse citizenship requirement, Plaintiff Lori D. Gordon is a citizen of New York, Hain Celestial is a citizen of New York and Delaware, and Jason Natural is a citizen of California.

17.     Venue is proper in this district because Defendants transact business in this judicial district and otherwise are subject to personal jurisdiction in this judicial district, where they sell a large quantity of their Products. Accordingly, venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b).

## THE PARTIES

18.     Plaintiff Lori D. Gordon resides in New York City, New York, and thus, is a citizen of the State of New York. Plaintiff purchased Defendants' Products in the State of New York.

19.     Like millions of consumers throughout the United States, Plaintiff purchased Defendants' Products after reading and relying upon Defendants' representations that they were SLS-free.

20.     Defendant Hain Celestial is a Delaware corporation with its principal place of business in Lake Success, New York. For jurisdiction purposes, Defendant Hain Celestial is considered a citizen of the State of New York.

6

21.     Defendant Jason Natural is a California corporation with its principal place of business in Culver City, California. For jurisdiction purposes, Defendant Jason Natural is considered a citizen of the State of California.

## CLASS ALLEGATIONS

22.     Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of the following Class (the "Class") for counts I – III:

> All consumers in the United States who, through the date of entry of judgment, themselves or via an agent, purchased Defendants' Products for any consumer or household use. Excluded from the class are officers, representatives, or agents of any Defendants, as well as the judge or magistrate presiding over this case along with his or her immediate family members.

23.     Plaintiff also brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) on behalf of the following Subclass ("New York Subclass" or "Subclass") for counts IV – VI:

> All consumers who, in the State of New York, through the date of entry of judgment, themselves or via an agent, purchased Defendants' Products for any personal, family or household use. Excluded from the class are officers, representatives, or agents of any Defendants, as well as the judge or magistrate presiding over this case along with his or her immediate family members.

24.     Plaintiff reserves the right to modify or amend the definition of the proposed Class and/or Subclass (collectively, the "Class") before the Court determines whether certification is proper, as more information is gleaned in discovery.

25.     Numerosity [Fed R. Civ. P. 23(a)(1)]. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have deceptively marketed and sold their Products to millions of consumers both in New York State and across the nation.

26.     Commonality [Fed. R. Civ. P. 23(a)(2)]. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

(a)  Whether Defendants' Products contain SLS;

(b)  Whether Defendants knew that their Products contained SLS, or were

reckless in determining whether their Products contained SLS;

(c)  Whether Defendants warranted, either expressly or impliedly, that their

Products were free of SLS;

(d)  Whether Defendants advertised their Products as having characteristics

that they do not have;

(e)  Whether Defendants acted deceptively, unfairly, or unconscionably in the

marketing of their Products; and

(f)  Whether Defendants acted deceptively, unfairly or unconscionably in

addressing the complaints of consumers who purchased Defendants' Products.

27.  <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>.  Plaintiff's claims are typical of the Class
and Subclass because Plaintiff and members of the Class and Subclass were injured in the same
manner by Defendants' violations of the law.

28.  <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly
and adequately represent and protect the interests of the Class. She is interested in this matter,
has no conflicts, and has retained experienced class counsel to represent the Class.

29.  <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following
reasons, common questions of law and fact predominate and a class action is superior to other
methods of adjudication:

(a)  Proof of Plaintiff's claims will also prove the claims of the Class without the

need for separate or individualized proceedings;

8

(b)   Evidence regarding defenses or any exceptions to liability that Defendants may assert will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)   Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d)   The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

## CLAIMS FOR RELIEF

### COUNT ONE
### Negligent Misrepresentation
On Behalf of a National Class

30.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

31.    During the Class Period, Defendants represented to consumers through the labeling, packaging, and marketing of their Products that the Products were SLS-free. Defendants made these representations knowing that such claims would be material to a reasonable consumer's purchasing decision.

32.    Defendants' representations that their Products were SLS-free were false because the Products, in fact, contained SLS.

33.    Defendants' misrepresentations regarding the health, characteristics, composition, and quality of their Products were material because a reasonable consumer would attach importance to them in determining whether to purchase and consume the Products.

34.     Defendants' material misrepresentations concerning the health, characteristics, composition, and quality of the Products were false and made without reasonable grounds for believing them to be true.

35.     Defendants made material misrepresentations concerning the health, characteristics, composition, and quality of the Products with the intent to induce Plaintiff and the Class to purchase the Products.

36.     Plaintiff and the Class reasonably and materially relied on Defendants' material misrepresentations in choosing to purchase the Products.

37.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class have incurred damages in an amount to be proven at trial.

**COUNT TWO**
**Breach of Express Warranty**
On Behalf of a National Class

38.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

39.     Defendants' Products were subject to express warranties as described herein, including affirmations, nondisclosures, and related representations as to the ordinary characteristics that may be reasonably expected from Defendants' Products.

40.     Defendants breached the express warranties in the manner described above.

41.     The express warranties were part of the "basis of the bargain" as that term is used in the Uniform Commercial Code and are presumed to be part of the contract between each member of the Class, and Defendants warrantor.

42.     Plaintiff and the Class have been damaged by Defendants' breach of the express warranties in the manner described above.

**COUNT THREE**
**Unjust Enrichment**
On Behalf of a National Class

43.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

44.     As a result of Defendants' deceptive, fraudulent, and misleading labeling,

advertising, marketing, and sales of their Products, Defendants were enriched at the expense of

Plaintiff and all Class members.

45.     Defendants were able to charge a premium for their Products and differentiate

themselves from competing products in part by promising that the Products were free of SLS.

46.     The profits and revenue derived from the sales of Defendants' Products were

obtained through misrepresentation and deception.

47.     Under the circumstances, it would be against equity and good conscience to

permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and the other

Class members in light of the fact that Defendants misrepresented the contents of the Products.

Thus, it would be unjust and inequitable for Defendants to retain the benefit without restitution to

Plaintiff and the other Class members for the monies paid to Defendants for such falsely labeled

and falsely advertised Products.

**COUNT FOUR**
**False Advertising**
*New York Gen. Bus. Law § 350, et seq.*
On Behalf of a New York Subclass

48.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

set forth herein.

49.     Defendants' misleading marketing, advertising, packaging, and labeling of their

Products is false advertising likely to deceive a reasonable consumer. Indeed, Plaintiff and the

11

other New York Subclass members were deceived regarding the characteristics of Defendants' Products, as Defendants' marketing, advertising, packaging, and labeling of the Products misrepresents and/or omits the true nature, quality, and/or ingredients of the Products.

50.     There is no benefit to consumers or competition from deceptively marketing and labeling Defendants' Products. Indeed, the harm to consumers and competition is substantial.

51.     Plaintiff and the other members of the New York Subclass who purchased Defendants' Products suffered a substantial injury as alleged herein. Plaintiff and the other members of the New York Subclass who purchased Defendants' Products had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, and labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

52.     Defendants have violated, and continues to violate, § 350 of the New York General Business Law, which makes false advertising unlawful. As a direct and proximate result of Defendants' violation of § 350, Plaintiff and other members of the New York Subclass have suffered damages in an amount to be determined at trial. Had Plaintiff and the Class members known the true facts, they would not have purchased the Products, would have purchased fewer Products, or would not have been willing to pay the premium price Defendants charged for the Products.

53.     Pursuant to New York General Business Law § 350-e, Plaintiff seeks to recover, on behalf of herself and New York Subclass, actual damages or $500, whichever is greater, and seeks to have these damages trebled.

54.     Pursuant to New York General Business Law § 350, Plaintiff also seeks an order of this Court that includes, but is not limited to, an order enjoining Defendants from continuing to engage in false advertising or any other act prohibited by law.

55.     Plaintiff and the other members of the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

56.     The unfair and deceptive acts and practices of Defendants, as described above, present a serious threat to Plaintiff and the other members of the Class.

**COUNT FIVE**
**Deceptive Trade Practices**
*New York Gen. Bus. Law § 349 et seq.*
On Behalf of a New York Subclass

57.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

58.     Defendants' actions as described herein constitute unlawful, deceptive, and fraudulent business acts and practices.

59.     Defendants' misrepresentations and omissions of material fact as alleged herein constitute unlawful, unfair, and fraudulent business practices in that they deceived Plaintiff and the Class into believing that the Defendants' Products were free of SLS.

60.     There is no benefit to consumers or competition from deceptively marketing and labeling Products. Indeed, the harm to consumers and competition is substantial.

61.     Plaintiff and the other members of the New York Subclass who purchased Defendants' Products suffered a substantial injury as alleged herein. Plaintiff and the other members of the New York Subclass who purchased Defendants' Products had no way of reasonably knowing that the Products they purchased were not as marketed, advertised,

packaged, and labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

62.     Defendants have violated and continue to violate § 349 of the New York General Business Law, which makes deceptive acts and practices unlawful. As a direct and proximate result of Defendants' violation of § 349, Plaintiff and other members of the New York Subclass have suffered damages in an amount to be determined at trial. Had Plaintiff and New York Subclass members known the true facts, they would not have purchased the Products, would have purchased fewer Products, or would not have been willing to pay the premium price Defendants charged for the Products.

63.     Plaintiff and each member of the New York Subclass are therefore entitled to (1) injunctive relief and (2) trebled damages up to $1,000, pursuant to New York General Business Law § 349(h).

64.     Plaintiff and the other members of the Class may be irreparably harmed and/or denied in an effective and complete remedy if such an order is not granted.

65.     Plaintiff should further be awarded attorneys' fees pursuant New York General Business Law § 349(h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lori D. Gordon respectfully prays for and requests relief and judgment against Defendants, as follows:

(a) For an order certifying the Class and Subclass and appointing Plaintiff as Class Representative and her counsel as Class Counsel;

(b) For all actual damages and, where appropriate, statutory damages to which Plaintiff, the Class, and Subclass are entitled;

14

(c) For restitution to Plaintiff and the Class and Subclass of all monies wrongfully obtained by Defendants;

(d) For injunctive relief requiring Defendants to cease and desist from engaging in the unlawful, unfair, and/or deceptive practices alleged in the Complaint;

(e) For Plaintiff's reasonable attorneys' fees;

(f) For Plaintiff's costs incurred;

(g) For any pre-judgment and post-judgment interest at the maximum allowable rate on any amounts awarded; and

(h) For such other and further relief that this Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury of all claims and causes of action so triable in this lawsuit

DATED: November 10, 2016          Respectfully submitted,

**LAW OFFICES OF THOMAS M. MULLANEY**
Thomas M. Mullaney (TM 4274)
tmm@mullaw.org
489 Fifth Avenue, Suite 1900
New York, NY 10017
Tel: 212-223-0800

*Attorney for Plaintiff Lori D. Gordon, Individually*

AND

**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*Pro Hac Vice*)
acarney@cbplaw.com
David Slade (*Pro Hac Vice*)
dslade@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500 Telephone
(501) 312-8505 Facsimile

15

*Attorneys for Proposed Class*

BY:     /s/ Allen Carney
          ALLEN CARNEY (AR BAR NO. 94122)

<u>**CERTIFICATE OF SERVICE**</u>

I, Allen Carney, hereby certify that on November 10th, 2016, I caused a copy of the foregoing Amended Class Action Complaint to be served upon all counsel of record by causing a true and correct copy thereof to be electronically filed via ECF.


_____/s/ Allen Carney_____

17