UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI D. GORDON, on behalf of herself and all others similarly situated | Case No. 1:16-cv-6526 KBF |
| Plaintiff, | |
| v. | The Hon. Katherine B. Forrest |
| THE HAIN CELESTIAL GROUP, INC. and JASON NATURAL PRODUCTS, INC. | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED CLASS ACTION COMPLAINT AND/OR STRIKE CLASS ALLEGATIONS**

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

*-and-*

Kenneth K. Lee (NY Reg. No. 4056750)
klee@jenner.com
633 West 5th Street
Suite 3600
Los Angeles, CA 90071
Tel.: 213 239-5100
Fax: 213 239-5199


Attorneys for Defendants

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................................1
FACTUAL AND PROCEDURAL BACKGROUND...................................................................2
I. Jason Uses SCS in Certain Personal Care Products ..........................................2
II. Plaintiff Alleges That Five Un-Tested Jason Products Contain SLS....................3
ARGUMENT.......................................................................................................................4
I. Hain Celestial Should Be Dismissed From This Lawsuit Because Plaintiff Does Not Plausibly Allege That Hain Celestial Committed Any Misconduct Against Her ..................4
II. Plaintiff Lacks Standing To Seek Injunctive Relief .........................................6
III. This Court Should Dismiss Plaintiff's Claim for Negligent Misrepresentation ...................7
IV. This Court Should Dismiss Plaintiff's Claim for Unjust Enrichment As Duplicative...........8
V. This Court Should Strike Plaintiff's Nationwide Class Allegations ...................9
CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Express Travel Related Servs. Co. v. MasterCard Int'l, Inc.*,
  776 F. Supp. 787 (S.D.N.Y. 1991) ...................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..........................................................................................................4

*Baur v. Veneman*,
  352 F.3d 625 (2d Cir. 2003) ..............................................................................................6

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2009) ..........................................................................................................4

*Biro v. Condé Nast*,
  807 F.3d 541 (2d Cir. 2015) ..............................................................................................4

*Bronson v. Johnson & Johnson, Inc.*,
  No. 12-4184, 2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) ............................................7

*Buonasera v. Honest Co.*,
  --- F. Supp. 3d ----, , 2016 WL 5812589 (S.D.N.Y. 2016) ..............................................7

*Cacchillo v. Insmed, Inc.*,
  638 F.3d 401 (2d Cir. 2011) ..............................................................................................6

*Cherny v. Emigrant Bank*,
  604 F. Supp. 2d 605 (S.D.N.Y. 2009) ...............................................................................8

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ............................................................................................................6

*Clark v. McDonald's Corp.*,
  213 F.R.D. 198 (D.N.J. 2003) .........................................................................................10

*Corsello v. Verizon N.Y., Inc.*,
  18 N.Y.3d 777 (2012) .......................................................................................................8

*Davito v. AmTrust Bank*,
  743 F. Supp. 2d 114 (E.D.N.Y. 2010) .............................................................................10

*Deshawn E. ex rel. Charlotte E. v. Safir*,
  156 F.3d 340 (2d Cir. 1998) ..............................................................................................6

*Ebin v. Kangadis Food Inc.*,
   No. 13-2311, 2013 WL 6504547 (S.D.N.Y. Dec. 11, 2013) ...................................................9

*Elkind v. Revlon Consumer Prods. Corp.*,
   No. 14-2484, 2015 WL 2344134 (E.D.N.Y. May 14, 2015) .....................................................8

*Finerty v. Abex Corp.*,
   27 N.Y.3d 236 (2016) ...........................................................................................................5

*Fletcher v. Atex, Inc.*,
   68 F.3d 1451 (2d Cir. 1995) ..................................................................................................5

*Gen Tel. Co. of Sw. v. Falcon*,
   457 U.S. 147 .........................................................................................................................9

*Hidalgo v. Johnson & Johnson Consumer Cos.*,
   148 F. Supp. 2d 285 (S.D.N.Y. 2015) ................................................................................6, 9

*Hill v. Wells Fargo Bank, N.A.*,
   946 F. Supp. 2d 817 (N.D. Ill. 2013) .....................................................................................9

*IMG Fragrance Brands, LLC v. Houbigant, Inc.*,
   679 F. Supp. 2d 395 (S.D.N.Y. 2009) ...................................................................................4

*In re Ford Fusion & C-Max Fuel Econ. Litig.*,
   No. 13-2450, 2015 WL 7018369 (S.D.N.Y. Nov. 12, 2015) ..................................................9

*In re Rezulin Prods. Liab. Litig.*,
   210 F.R.D. 61 (S.D.N.Y. 2002) ...........................................................................................11

*Kuklachev v. Gelfman*,
   629 F. Supp. 2d 236 (E.D.N.Y. 2008) ...................................................................................6

*Lee v. Bankers Trust Co.*
   166 F.3d 540 (2d Cir. 1999) ................................................................................................10

*Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*,
   211 F.R.D. 228 (S.D.N.Y. 2002) ....................................................................................10, 11

*Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*,
   712 F.3d 705 (2d Cir. 2013) ..................................................................................................4

*Pilgrim v. Universal Health Card, LLC*,
   660 F.3d 943 (6th Cir. 2011) .................................................................................................9

*Pungitore v. Barbera*,
   506 F. App'x 40 (2d Cir. 2012) ..............................................................................................6

*Segedie v. Hain Celestial Grp., Inc.*,
　No. 14-5029, 2015 WL 2168374 (S.D.N.Y. 2015) .................................................................8

*Smith v. Local 819 I.B.T. Pension Plan*,
　291 F.3d 236 (2d Cir. 2002) ................................................................................................4

*Stoltz v. Fage Dairy Processing Indus., S.A.*,
　No. 14-3826, 2015 WL 5579872 (E.D.N.Y. Sept. 22, 2015) ................................................8

*Susan B. Anthony List v. Driehaus*,
　134 S. Ct. 2334 (2014) .........................................................................................................6

*Szymczak v. Nissan N. Am., Inc.*,
　No. 10-7493, 2011 WL 7095432 (S.D.N.Y. Dec. 16, 2011) ...............................................10

*Tomasino v. Estee Lauder Cos.*,
　44 F. Supp. 3d 251, 256 (S.D.N.Y. 2014) ............................................................................7

*Weisblum v. Prophase Labs, Inc.*,
　88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) ............................................................................8

**STATUTES AND REGULATIONS**

21 C.F.R. § 172.822 ......................................................................................................................2

Fed. R. Civ. P. 12(b)(6) .................................................................................................................4

Fed. R. Civ. P. 12(f) ......................................................................................................................8

N.Y. G.B.L. §§ 349-50 ..................................................................................................................3

**INTRODUCTION**

Plaintiff Lori Gordon filed this lawsuit against Defendants The Hain Celestial Group, Inc. and Jason Natural Products, Inc. after a newspaper tested a single baby shampoo and found that the tested sample contained sodium lauryl sulfate ("SLS"), a commonly used cleansing agent. The article speculated that sodium coco sulfate ("SCS"), a plant-based cleansing ingredient derived from coconut oil, may have some SLS as a constituent part. Based on that article about that baby shampoo, Plaintiff claims that five *different* and untested products from Jason Natural also contain SLS and were mislabeled as being free of SLS.

Several of Plaintiff's claims should be dismissed for the following reasons:

<u>First</u>, Plaintiff's claims against Hain Celestial must be dismissed because she has not plausibly alleged any wrongdoing by it. This lawsuit targets five products made not by Hain Celestial, but by its subsidiary, Jason. As Plaintiff acknowledges in her complaint, Jason is a legally distinct company from Hain Celestial. And as courts have repeatedly held, a plaintiff cannot hold a parent company liable for the actions of a subsidiary, unless she pleads specific facts showing that the parent company was derivatively liable. Plaintiff has failed to do so here.

<u>Second</u>, Plaintiff lacks standing to seek injunctive relief. Now that she knows that certain Jason products allegedly contain SLS, she cannot establish that she is likely to buy those products again and therefore cannot allege that she is likely to suffer future injury. Moreover, as Plaintiff concedes in her complaint, Jason is in the process of reformulating some of its products and removing the "No SLS" statement found on the five products at issue. Jason's actions thus moot Plaintiff's claim for injunctive relief.

<u>Third</u>, Plaintiff does not state a plausible claim for negligent misrepresentation. This claim is barred under New York's economic loss doctrine, which prohibits her from recovering

1

in tort for purely economic injuries like the purchase of mislabeled products. Plaintiff's unjust enrichment claim must be dismissed as well because it is impermissibly duplicative of her other tort claims.

Finally, even if the Court does not dismiss the complaint, it should strike Plaintiff's nationwide class allegations. Under well-established New York choice-of-law principles, Plaintiff cannot pursue common law claims on behalf of a nationwide class. There are material differences among the laws of the fifty states, and each state has a strong interest in applying its own law to the transactions at issue.

**FACTUAL AND PROCEDURAL BACKGROUND**

**I.     Jason Uses SCS in Certain Personal Care Products.**

Hain Celestial manufactures dozens of food, beverage, and personal care products, including a line of Earth's Best products. Jason Natural Products is a subsidiary of Hain Celestial and manufactures the eponymous JĀSÖN line of shampoos, cosmetics, and body care products. *See* Amended Complaint ("Compl.") ¶ 3.

Some Jason products include SCS, which is a cleansing agent that is produced by extracting a blend of fatty acids from coconut oil. Several months ago, a newspaper tested a single Hain Celestial product — Earth's Best baby shampoo — and reported that the tested sample had SLS residue in it.[1] Many products use SLS, which is created by chemically treating lauryl alcohol. SLS is neither unsafe nor illegal; in fact, the FDA expressly allows it to be used as a food additive. *See* 21 C.F.R. § 172.822. The newspaper suggested that the SCS may have some SLS as one of its constituent parts, leading Plaintiff to allege that "SCS is merely a blend

---

[1] Serena Ng, *Hain Celestial to Reformulate Some Products, Drop Claim on Chemical*, WALL STREET JOURNAL (Apr. 3, 2016), http://www.wsj.com/articles/hain-celestial-to-reformulate-some-products-drop-claim-on-chemical-1459730257) (last accessed Nov. 29, 2016).

2

of cleaning agents that contains about 50% SLS." Compl. ¶ 5. Notably, Plaintiff does not allege that either Defendant directly adds SLS to its products, and neither of them do.

After the article was published, Jason stated that "there may be some amount of sodium lauryl sulfate contained in some of our surfactant products as a constituent of the sodium coco sulfate." *Id.* ¶ 6 & n. 12-13. In light of customer preferences and in an excess of caution, Defendants announced that they would shift away from using SCS and that they would remove "No SLS" statements from their products. *See id.*

## II. Plaintiff Alleges That Five Un-Tested Jason Products Contain SLS.

Shortly after the publication of that news article, Plaintiff filed this lawsuit claiming that she was deceived. In her Amended Class Action Complaint, Plaintiff alleges that she purchased five Jason products containing SCS between November 2012 and March 2016: (1) Long & Strong Jojoba Pure Natural Shampoo; (2) Volumizing Lavender Shampoo; (3) Normalizing Tea Tree Treatment Shampoo; (4) Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner; and (5) Smoothing Coconut Body Wash. *Id.* ¶ 6. She does not allege that she ever purchased a product made by Hain Celestial.

Plaintiff alleges that she purchased these Jason products "for the express purpose of avoiding coming into contact with SLS." *Id.* ¶ 8. In addition to herself, Plaintiff purports to bring claims on behalf of a putative nationwide class of consumers who purchased Defendants' products for "consumer or household use," as well as a putative subclass of New York consumers. *See id.* ¶¶ 14, 22-29. The Complaint alleges three claims on behalf of the nationwide class: (1) negligent misrepresentation; (2) breach of express warranty; and (3) unjust enrichment. *Id.* ¶¶ 30-47. In addition, the Complaint asserts claims under sections 349 and 350 of the New York General Business Law for deceptive business practices and false advertising on

behalf of the New York subclass. *Id.* ¶¶ 48-63. Plaintiff seeks a variety of remedies on behalf of the putative class, including damages, restitution, injunctive relief, and attorneys' fees. Compl. at 14-15 (Prayer for Relief).

## ARGUMENT

Under Rule 12(b)(6), "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002) (citation and internal quotation marks omitted). Rather, to survive a motion to dismiss, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Importantly, a court must "draw on its judicial experience and common sense" in ruling on a motion to dismiss. *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 718 (2d Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not 'show[n]' . . . that the pleader is entitled to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679) (alteration in original). Rather, the plaintiff must "allege more by way of factual content to 'nudg[e] his claim'" of unlawful action "'across the line from conceivable to plausible.'" *Iqbal*, 556 U.S. at 683 (quoting *Twombly*, 550 U.S. at 570).

I. **Hain Celestial Should Be Dismissed From This Lawsuit Because Plaintiff Does Not Plausibly Allege That Hain Celestial Committed Any Misconduct Against Her.**

Under New York law, it is well-established that "a corporate parent is not automatically liable for the acts of its wholly owned subsidiary." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 403 (S.D.N.Y. 2009). Absent an affirmative showing that the parent is "derivatively liable" for the acts of its subsidiary, a parent company is liable only for its own

4

independent conduct. *Finerty v. Abex Corp.*, 27 N.Y.3d 236, 242 (2016); *see also, e.g.*, *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1466 (2d Cir. 1995) (holding that parent company was not liable for allegedly defective products manufactured by subsidiary and rejecting alter ego, agency, apparent manufacturer, and concerted tortious action theories of liability).

Here, the Amended Complaint does not plausibly allege that Hain Celestial — as opposed to its subsidiary Jason — engaged in any misconduct against Plaintiff. As Plaintiff concedes, Jason and Hain Celestial are separate companies that are incorporated in different states. Compl. ¶¶ 20-21 (alleging that Jason is incorporated in California and Hain Celestial in Delaware). All five of the products Plaintiff allegedly purchased were manufactured by Jason, not by Hain Celestial. *Id*. ¶ 6 & Ex. A. Plaintiff does not allege that she ever bought a product by Hain Celestial.

Moreover, while Plaintiff alleges that "Hain Celestial manufactures natural health and beauty products under the Jason Natural brand," *id.* ¶ 3, the remainder of the Amended Complaint belies that statement. For instance, the Complaint states that Jason is a separate company, not simply a Hain Celestial brand. *Id.* ¶ 20. Likewise, while Plaintiff alleges that "Hain Celestial now acknowledges that 'there may be some amount of sodium lauryl sulfate contained in some of our surfactant products as a constituent of the sodium coco sulfate,'" the Complaint makes clear that this statement appears on Jason's website, not Hain Celestial's. *Id.* ¶ 6 & n. 12 (citing http://www.jason-personalcare.com/faq). And while Plaintiff alleges that "Defendants marketed and advertised their products as being SLS-free," *id.* ¶ 7, the Amended Complaint is bereft of any factual allegations that suggest that Hain Celestial advertised or marketed the five products at issue. Accordingly, this Court should dismiss Plaintiff's claims against Hain Celestial.

**II.     Plaintiff Lacks Standing To Seek Injunctive Relief.**

It is well-established that a plaintiff must "demonstrate standing for each claim and form of relief sought." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (citing *Baur v. Veneman*, 352 F.3d 625, 642 n.15 (2d Cir. 2003)). Accordingly, "[a] plaintiff seeking injunctive . . . relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Deshawn E. ex rel. Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 105-06 (1983)). "An allegation of future injury may suffice," but only "if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014) (citations omitted). "Absent a sufficient likelihood that [she] will again be wronged in a similar way," a plaintiff lacks standing to seek injunctive relief. *Lyons*, 461 U.S. at 102; *see also Pungitore v. Barbera*, 506 F. App'x 40, 41-42 (2d Cir. 2012) (same).

Here, Plaintiffs lack standing to seek injunctive relief for two independent reasons:

First, because Plaintiff is now allegedly aware of Jason's "SLS-free" products actually contain SLS, there is no risk that she will purchase those products again and therefore no chance that she will suffer injury as a result of Jason's alleged mislabeling in the future. Under similar circumstances, numerous judges in this district and elsewhere have dismissed similar claims for injunctive relief by consumers for lack of standing. *See, e.g., Hidalgo v. Johnson & Johnson Consumer Cos.*, 148 F. Supp. 2d 285, 295-96 (S.D.N.Y. 2015) ("As the Complaint contains no allegations that Hidalgo intends to purchase the Bedtime Products again, she has not plausibly alleged future injury from those products."); *Tomasino v. Estee Lauder Cos.*, 44 F. Supp. 3d 251, 256 (S.D.N.Y. 2014) (holding that plaintiff "has not alleged a sufficient future injury to establish

standing to assert her claims for injunctive relief because she has demonstrated that she is . . . unlikely to purchase ANR products again"); *Buonasera v. Honest Co.*, --- F. Supp. 3d ----, , 2016 WL 5812589, at *7 (S.D.N.Y. 2016) (dismissing claim for injunctive relief against manufacturer of "SLS-free" products because the plaintiff "has not alleged that he will purchase Honest's products in the future").

Second, even if Plaintiff were inclined to purchase the products at issue again, she would still lack standing because Jason is in the process of phasing out the allegedly misleading claim that their products are free of SLS. It is well-established that "[a] suit for injunctive relief is moot when the offending conduct ceases and the court finds that there is no reasonable expectation that it will resume." *Am. Express Travel Related Servs. Co. v. MasterCard Int'l, Inc.*, 776 F. Supp. 787, 790 (S.D.N.Y. 1991) (citation and internal quotation marks omitted); *see also Kuklachev v. Gelfman*, 629 F. Supp. 2d 236, 252-53 (E.D.N.Y. 2008) (same); *Bronson v. Johnson & Johnson, Inc.*, No. 12-4184, 2013 WL 1629191, at *1 n.2 (N.D. Cal. Apr. 16, 2013) (noting that claims for injunctive relief were mooted when defendant discontinued allegedly mislabeled product at issue). Here, as Plaintiff concedes, Jason "has "begun th[e] process" of "remov[ing] this claim from our packaging." Compl. ¶ 6 & n. 12 (citing JASON, *FAQ*, http://www.jason-personalcare.com/faq (last accessed Nov. 29, 2016)). Accordingly, because there is no risk that Plaintiff will be able to purchase those products in the future, her claim for injunctive relief is moot.

### III. This Court Should Dismiss Plaintiff's Claim for Negligent Misrepresentation.

Under New York's economic loss doctrine, a plaintiff who has "suffered economic loss, but not personal or property injury," may not recover in tort if she has non-tort remedies available. *Weisblum v. Prophase Labs, Inc.*, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (citation

and internal quotation marks omitted); *see also Elkind v. Revlon Consumer Prods. Corp.*, No. 14-2484, 2015 WL 2344134, at *12 (E.D.N.Y. May 14, 2015) (dismissing negligent misrepresentation claim pursuant to the economic loss doctrine); *Cherny v. Emigrant Bank*, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009) (same). Here, Plaintiff cannot seek a tort remedy for negligent misrepresentation because she has other non-tort causes of action available to her.

While a plaintiff can sidestep the economic loss doctrine by alleging a "special relationship" with the defendant, such a special relationship does not arise in the context of an ordinary, arms-length sale of consumer products. *See, e.g.*, *Stoltz v. Fage Dairy Processing Indus., S.A.*, No. 14-3826, 2015 WL 5579872, at *23-26 (E.D.N.Y. Sept. 22, 2015) (dismissing claim for negligent misrepresentation based on sale of allegedly mislabeled Greek Yogurt); *Segedie v. Hain Celestial Grp., Inc.*, No. 14-5029, 2015 WL 2168374, at *14 (S.D.N.Y. 2015) (dismissing negligent misrepresentation claim based on allegedly mislabeled "natural" and "organic" products and noting that "Defendant's obligation to label products truthfully does not arise from any special relationship"). Plaintiff alleges no damages beyond pure economic loss and pleads no facts suggesting that her purchase of Jason's products was anything other than a routine commercial transaction.[2] Her claim for negligent misrepresentation is accordingly not cognizable under New York law.

## IV. This Court Should Dismiss Plaintiff's Claim for Unjust Enrichment As Duplicative.

Under New York law, "[a]n unjust enrichment claim 'is not available where it simply duplicates, or replaces, a conventional contract or tort claim." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012) (citation omitted). Rather, such a claim is viable only in "unusual

---

[2] Although Plaintiff suggests that SCS may have "dangerous side effects," *see* Compl. ¶ 8, she does not allege that she actually suffered any non-economic injury attributable to her use of products containing SCS.

8

situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Id.* For that reason, New York courts regularly dismiss unjust enrichment claims as duplicative when they are based on the same factual allegations as other tort claims. *See, e.g.*, *Ebin v. Kangadis Food Inc.*, No. 13-2311, 2013 WL 6504547, at *7 (S.D.N.Y. Dec. 11, 2013) (dismissing unjust enrichment claim where "plaintiffs have failed to explain how their unjust enrichment claim is not merely duplicative of their other causes of action"); *In re Ford Fusion & C-Max Fuel Econ. Litig.*, No. 13-2450, 2015 WL 7018369, at *39 (S.D.N.Y. Nov. 12, 2015) (same); *Hidalgo*, 148 F. Supp. 3d at 298 (same).

Plaintiff's unjust enrichment claim is based on the same factual allegations supporting the other tort claims asserted in the complaint. *See* Compl. ¶ 43 ("Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein."). Accordingly, Plaintiff's claim for unjust enrichment must be dismissed.

## V. This Court Should Strike Plaintiff's Nationwide Class Allegations.

If this Court does not dismiss the complaint, it should nonetheless strike Plaintiff's nationwide class allegations. Rule 12(f) authorizes this court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). When it is clear from the face of the complaint that proposed class allegations are fatally defective, this Court may strike those allegations at the pleading stage.[3] *Gen Tel. Co. of Sw. v. Falcon*, 457

---

[3] Many courts outside the Second Circuit have also held that courts may strike fatally defective class allegations at the pleading stage. *See, e.g.*, *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 946 (6th Cir. 2011) (affirming order striking nationwide class allegations at pleading stage where "each class member's claim would be governed by the law of the State in which he made the challenged purchase, and the differences between the consumer-protection laws of the many affected States would cast a long shadow over any common issues of fact"); *Hill v. Wells Fargo Bank, N.A.*, 946 F. Supp. 2d 817, 829 (N.D. Ill. 2013) (holding that courts may strike class

9

U.S. 147, 160; *see also, e.g.*, *Davito v. AmTrust Bank*, 743 F. Supp. 2d 114, 115 (E.D.N.Y. 2010) (explaining that a court may strike class allegations prior to class certification "if the inquiry would not mirror the class certification inquiry and if resolution of the motion is clear") (citation and internal quotation marks omitted).

Plaintiff purports to assert claims for unjust enrichment, negligent misrepresentation, and breach of express warranty on behalf of a nationwide class of consumers who purchased Defendants' products for "consumer or household use." Compl. ¶ 22. But New York's choice-of-law rules prevent Plaintiff from pursuing those claims on behalf of consumers outside of New York. Under New York choice-of-law principles, courts apply the law of the state with "the greatest interest in the litigation" to each class member's claims. *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) (citing *Lee v. Bankers Trust Co.*, 166 F.3d 540, 545 (2d Cir. 1999)). This approach typically dictates that the court apply the law of the state where the tort took place. *Id.*

Here, because the alleged misrepresentations to the nationwide class members took place in each of the fifty states, this court must apply the substantive law of each state to those class members' claims. *Id.*; *see also Szymczak v. Nissan N. Am., Inc.*, No. 10-7493, 2011 WL 7095432, at *12 (S.D.N.Y. Dec. 16, 2011) ("In a multi-state consumer class action, based on choice of law considerations, courts have applied the law of the buyer's domicile.") (citations and internal quotation marks omitted). But the common law of negligent misrepresentation, breach of express warranty, and unjust enrichment vary materially from state to state. *Lewis*

---

allegations at the pleading stage when "the complaint . . . make[s] it clear that class certification is inappropriate"); *Clark v. McDonald's Corp.*, 213 F.R.D. 198, 205 n.3 (D.N.J. 2003) (noting that a plaintiff may "move to strike class action allegations prior to discovery" where "the complaint itself demonstrates that the requirements for maintaining a class action cannot be met").

*Tree*, 211 F.R.D. at 236.  In the face of such variation and lack of uniformity, courts have found that a "single nationwide class is not manageable" and that "common issues of law cannot predominate over those affecting individual members of the class."  *Id.*; *see also In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61, 71 (S.D.N.Y. 2002) (finding that "individual issues arising by virtue of the multiplicity of state laws predominated over the common issues" when choice-of-law rules dictated that the laws of multiple states applied to the class members' claims).  The same rule applies here, and this Court should accordingly strike Plaintiffs' nationwide class allegations.

## CONCLUSION

For the foregoing reasons, this Court should dismiss Hain Celestial from this lawsuit, further dismiss several of the claims, and strike Plaintiff's claims on behalf of a nationwide class.

Dated:  November 30, 2016

Respectfully submitted,

JENNER & BLOCK LLP

By:  /s/ Dean N. Panos_____
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654
Phone: (312) 222-9350
Facsimile: (312) 527-0484

Attorneys for Defendants