**LAW OFFICES OF THOMAS M. MULLANEY**
Thomas Mullaney (TM 4274)
tmm@mullaw.org
489 Fifth Avenue, Suite 1900
New York, NY 10017
Tel: 212-223-0800

*Attorney for Plaintiff Lori D. Gordon, Individually*

AND

**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*Pro Hac Vice*)
acarney@cbplaw.com
David Slade (*Pro Hac Vice*)
dslade@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500 Telephone
(501) 312-8505 Facsimile

*Attorneys for Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Lori D. Gordon, on behalf of herself and all others similarly situated,<br><br>     Plaintiff,<br> v.<br><br>THE HAIN CELESTIAL GROUP, INC., a Delaware corporation; JASON NATURAL PRODUCTS, INC., a California corporation,<br><br>     Defendants. | No. 1:16-cv-06526<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ..................................................................................................................1

STATEMENT OF FACTS .....................................................................................................2

APPLICABLE LEGAL STANDARDS ..................................................................................5

LEGAL ANALYSIS................................................................................................................6

    I.     Dismissal of Hain Celestial, at this Stage of the Proceedings,
          Is Inappropriate .......................................................................................6

         A.     Hain Celestial Directly Participated In the Challenged Conduct................6

         B.     Alternatively, Plaintiff's Allegations Sufficiently Allege a Theory
                  Of Indirect Liability Under Vicarious Liability Principles.........................8

         C.     Defendants' Argument Is a Factual Dispute That Is Not Properly
                  Resolved on a Motion to Dismiss ..............................................................9

    II.    Federal Rule of Civil Procedure 8 Permits Plaintiff to Plead Alternative
          Causes of Action ...................................................................................10

    III.   Plaintiff's Claim for Negligent Misrepresentation Is Not Barred By the
          Economic Loss Doctrine.......................................................................11

    IV.   Plaintiff is Entitled to Seek Injunctive Relief .......................................13

    V.    Defendants' Motion to Strike Plaintiff's Class Allegations Is Premature
          and Without Merit..................................................................................14

CONCLUSION....................................................................................................................16

**<u>TABLE OF AUTHORITIES</u>**

*Ackerman v. Coca-Cola Co*.,
   2013 U.S. Dist. LEXIS 184232 (E.D.N.Y. 2013) ...........................................13

*Ashcroft v. Iqbal*,
   556 U.S. 662, 129 S. Ct. 1937 (2009)...............................................................5

*Belfiore v. P&G*,
   94 F. Supp. 3d 440 (E.D.N.Y.  2015) ..............................................................13

*Blagman v. Apple, Inc*.,
   2013 U.S. Dist. LEXIS 71280 (S.D.N.Y. May 20, 2013)................................14

*Calibuso v. Bank of America Corp*.,
   893 F. Supp. 2d 374 (E.D.N.Y. 2012) .............................................................14

*Chen v. Hiko Energy, LLC*,
   2014 U.S. Dist. LEXIS 181846 (S.D.N.Y. Dec. 29, 2014) .............................15

*Citadel Equity Fund v. Aquila, Inc.*,
   168 Fed. Appx. 474 (2d Cir. 2006)...........................................................7 n. 11

*Clet H. Mansfield Heliflight v. Freestream Aircraft United States*,
   2016 U.S. Dist. LEXIS 169642 (D. Ver. Dec. 7, 2016) ..........................13 n. 19

*Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l*,
   2016 U.S. App. LEXIS 20104 (2d Cir. Nov. 8, 2016).......................................5

*Deshawn E. by Charlotte E. v. Safir*,
   156 F.3d 340 (2d Cir. 1998) ...........................................................................14

*Geron v. Seyfarth Shaw LLP*,
   736 F.3d 213 (2d Cir. 2013)......................................................................7 n. 11

*Hughes v. Ester C Co*.,
   930 F. Supp. 2d 439 (E.D.N.Y. 2013) .............................................................12

*In re Conseco Life Ins. Co. Lifetrend Sales & Mktg. Litig*.,
   270 F.R.D. 521 (N.D. Cal. 2010) ....................................................................15

*In re Crazy Eddie Sec. Litig*.,
   135 F.R.D. 39 (E.D.N.Y. 1991).......................................................................15

*In re Giant Interactive Group, Inc. Sec. Litig*.,
   643 F. Supp. 2d 562 (S.D.N.Y. 2009)................................................................9

*In re Mercedes-Benz Tele Aid Contract Litig.*,
   257 F.R.D. 46 (D.N.J. 2009) .......................................................................15

*In re McCormick & Co.*,
   2016 U.S. Dist. LEXIS 156583 (D.D.C. Nov. 11, 2016) ..................................15

*In re Rezulin Prods. Liab. Litig.*,
   210 F.R.D. 61 (S.D.N.Y. 2002) ..............................................................15 n. 21

*Jermyn v. Best Buy Stores, L.P.*,
   256 F.R.D. 418 (S.D.N.Y. 2009) .................................................................13

*Kimmell v. Schaefer*,
   89 N.Y. 2d 257, 675 N.E. 2d 450 (1996).................................................12, 13

*Koch v. Hicks (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.)*,
   457 F. Supp. 2d 298, 318 (S.D.N.Y. 2006) .....................................................11

*Koehler v. Litehouse, Inc.*,
   2012 U.S. Dist. LEXIS 176971 (N.D. Cal. Dec. 13, 2012)................................13

*Lewis Tree Serv. v. Lucent Techs., Inc.*,
   211 F.R.D. 228 (S.D.N.Y. 2002) ............................................................15 n. 21

*Lichtenstein v. Cader*,
   2013 U.S. Dist. LEXIS 127645 (S.D.N.Y. Sept. 6, 2013)....................................7 n. 11

*Ntsebeza v. Daimler AG*,
   617 F. Supp. 2d 228 (S.D.N.Y. 2009)...........................................................8

*Ries v. Arizona Beverages USA LLC*,
   287 F.R.D. 523 (N.D. Cal. 2012)..........................................................13 n. 20

*S.E.C. v. Apolant*,
   411 F. Supp. 2d 271 (E.D.N.Y. 2006) ...........................................................9

*Seiden Assocs. v. ANC Holdings, Inc.*,
   754 F. Supp. 37 (S.D.N.Y. 1991) ...............................................................10

*Sims v. Artuz*,
   230 F. 3d 14 (2d Cir. 2000)....................................................................5

*Suez v. Equity Investors, L.P. v. Toronto-Dominion Bank*,
   250 F.3d 87 (2d Cir. 2001)...................................................................12

*St. John's Univ. v. Bolton*,
      757 F. Supp. 2d 144 (E.D.N.Y. 2010) ...............................................................................10

*Travelers Cas. & Sur. Co. v. Dormitory Auth.*,
      734 F. Supp. 2d 368 (S.D.N.Y. 2010)...................................................................11 n. 18

*Tropical Sails Corp. v. Yext, Inc.*,
      2015 U.S. Dist. LEXIS 64722 (S.D.N.Y. May 18, 2015).................................................10

*Zimmerli Textil AG v. Kabbaz*,
      2015 U.S. Dist. LEXIS 136171 (E.D.N.Y. Sept. 30, 2015)..............................................10

## <u>INTRODUCTION</u>

Using deceptive marketing gimmicks, the Hain Celestial Group, Inc. ("Hain Celestial") and Jason Natural Products, Inc. ("Jason Natural", collectively "Defendants") misled consumers into believing that their products were free of sodium lauryl sulfate ("SLS"), and, in turn, safer, more natural, and more environmentally friendly than their competitors' products. More specifically, Plaintiff's Amended Complaint (the "Complaint") sets forth in no uncertain terms that Hain Celestial's proclamation that its Jason Natural brand products contain "NO . . . SLS" is a farce. In truth, Defendants used scientifically deceitful means to mask the fact that their products contain substantial amounts of SLS. The Defendants have now admitted that their claims were not 100% accurate.

Notwithstanding the foregoing, Hain Celestial asks this Court to dismiss Plaintiff's claims because, according to Hain Celestial, it is a legally distinct entity from its Jason Natural brand and the Complaint fails to allege claims against Hain Celestial. First, and contrary to Hain Celestial's contention, Plaintiff's Complaint alleges that Hain Celestial was directly involved in the production, supply, and marketing of the challenged products. Second, Hain Celestial's purported legal separateness is, in actuality, a fiction. To the contrary, Hain Celestial exerted control over the policies and decision-making that harmed Plaintiff and the Class. Third, Hain Celestial's argument is, at this point, nothing more than a factual dispute and, accordingly, is not ripe for adjudication.

Defendants' remaining arguments for dismissal fare no better. To begin with, Federal Rule of Civil Procedure 8 permits a plaintiff to plead alternative causes of action; therefore, dismissal of Plaintiff's unjust enrichment claim at this stage of the proceedings is unwarranted. Similarly, Plaintiff has sufficiently plead a claim for negligent misrepresentation against

1

Defendants, and the economic loss doctrine does not bar Plaintiff's claim under the circumstances alleged.  Additionally, because Plaintiff has plead that Defendants' labeling and marketing is misleading to a reasonable consumer, Plaintiff is entitled to seek injunctive relief against Defendants.  Consequently, this Court should deny Defendants' Motion to Dismiss in its entirety.

This Court should also deny Defendants' request to strike Plaintiff's class allegations as premature because it seeks to litigate issues that are better reserved for the class certification stage.

## STATEMENT OF FACTS

Hain Celestial manufactures and sells natural health and beauty products under the Jason Natural brand, as well as other brands such as Avalon Organics, Alba Botantica, Queen Helene, and Earth's Best.  Complaint at ¶ 3.  Hain Celestial and its brands claim that their products do not contain any "harsh chemicals" such as sodium lauryl sulfate, or SLS.[1]  *Id.*  For example, Jason Natural's shampoo products, including Long & Strong Jojoba Pure Natural Shampoo, Volumizing Lavender Shampoo, Normalizing Tea Tree Treatment Shampoo, Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner, and Smoothing Coconut Body Wash, feature a prominent label that reads:  "NO . . . SLS . . . ."  Complaint at ¶¶ 3 and 6, and Ex. A.

SLS is a controversial chemical that is routinely criticized and purposely avoided by health care professionals and consumers (a fact that Defendants recognize and exploit in their marketing efforts).  Some of the harmful effects of SLS include skin irritation[2] and damage to

---

[1] SLS is a synthetic surfactant used in many cleaning products and personal hygiene products, exposure to which can cause adverse health effects.  Complaint at ¶ 2.

[2] Branco, N., *et al.*, "Long-term repetitive sodium lauryl sulfate-induced irritation of the skin: an *in vivo* study." Contact Dermatitis. 2005 Nov; 53(5):278-84; *see also* de Jongh CM, *et al.*, "Stratum corneum cytokines and skin irritation response to sodium lauryl sulfate." Contact Dermatitis. 2006 Jun; 54(6):325-33; de Jongh CM, *et al.*, "Cytokines at different stratum corneum levels in normal and sodium lauryl sulphate-irritated skin." Skin Res Technol. 2007 Nov; 13(4):390-8.

hair (including hair loss).[3]  Moreover, while no studies conclusively identify SLS as a
carcinogen, a review generated by a cosmetic industry trade association acknowledges that SLS
"causes severe epidermal changes to the area of the skin of mice to which it was applied," which
in turn "indicates a need for tumor-enhancing activity assays."[4]  Capitalizing on concerns related
to these risks, companies such as Defendants have expressly and conspicuously touted their
products as being SLS free in order to market to health-conscious consumers, and to justify a
higher price point, accordingly.

    In March 2016, the *Wall Street Journal* reported that it commissioned a study by two
independent laboratories to investigate Hain Celestial's claim that its products do not contain any
"harsh chemicals" such as SLS.  *Id.* at ¶ 4.  These two independent laboratories both reported
that, contrary to its claims, Hain Celestial's products contained substantial amounts of SLS.  *Id.*

    In an attempt to combat these findings, Hain Celestial back-peddled from its no-SLS
claim.  To this end, Hain Celestial stated that it doesn't add SLS to its products, but simply uses
SCS, which contains SLS, in some of its products.  *Id.* at ¶ 5.  Hain Celestial attempted to further
appease consumers by leading them to believe that because SCS, and, in turn, the SLS in SCS, is
"plant-derived", it is more natural.  *Id.*[5]

---

[3] Willis CM, *et al.*, "Immunocytochemical demonstration of reduced Cu,Zn-superoxide dismutase levels following topical application of dithranol and sodium lauryl sulphate: an indication of the role of oxidative stress in acute irritant contact dermatitis." Eur J Dermatol. 1998 Jan-Feb; 8(1):8-12.
[4] Cosmetic Ingredient Review "Alert – Sodium Laureth Sulfate and SLS" (available at http://www.dweckdata.com/Research_files/SLS_compendium.pdf)
[5] SLS is made from lauryl alcohol, which is a common alcohol that can be obtained from both plants and cattle. Regardless of its origin, however, it is the same compound.  *See* Waterspot Gate?  Jessica Alba's Detergent Claims Are All (Bs), by Dr. Josh Bloom, March 15, 2016, available at http://acsh.org/news/2016/03/15/detergent-claims-from-jessica-alba-are-really-allbs (explaining the chemical composition of SLS and SCS).

In truth, however, SCS is merely a blend of cleaning agents that contains approximately 50% SLS.[6] Indeed, as depicted by the graph below, SCS is a mixture of detergents that not only contains SLS, but SLS is the most prevalent detergent in SCS:[7]



According to Dr. Bloom, "[t]here is nothing natural about SLS, SCS, or any other sulfate detergent – no matter how you manufacture it."[8]

Ultimately, Hain Celestial and its Jason brand were forced to acknowledge "that there may be some amount of sodium lauryl sulfate contained in some of our surfactant products as a constituent of the sodium coco sulfate." *Id*. at ¶6.[9]  In doing so, Hain Celestial essentially acknowledged that it was inaccurate to claim its products contained "no SLS", further indicating that the process of removing such claims from its packaging and materials had already

---

[6] As explained by Richard Sachleben, a member of the American Chemical Society's panel of experts, SCS is a mixture of compounds that includes SLS.  Thus, "[i]f anyone takes SCS and runs it through an analytical test – SLS is going to be in there"; "[i]t's inherent."  *See* Another All-Natural Company Under Pressure Over SLS Chemical, by Meagan Parrish, Chem.Info, available at http://www.chem.info/news/2016/04/another-all-natural-company-under-pressure-over-sls-chemical.

[7] *See* More Soap Scum:  Hain Celestial, Another Lying Detergent Company, by Dr. Josh Bloom, April 5, 2016, available at http://acsh.org/news/2016/04/05/soap-scum-another-lying-detergent-company.

[8] *See id*.

[9] *See also* http://www.jason-personalcare.com/faq.

4

commenced.  *Id*. at ¶6.  Indeed, Hain Celestial's general manager for personal care, Julie Marchant-Houle, confirmed in an interview with the *Wall Street Journal* that Hain Celestial would both (i) remove its "no SLS" claims on all products that contain SCS, and (ii) reformulate all products currently containing SCS and replace the ingredient with other less abrasive cleaning agents.[10]

Accordingly, the entire time Hain Celestial was producing, marketing, promoting, supplying, and selling its products as free of SLS, it knew or should have known that its products contained substantial amounts of SLS.  *Id*. at ¶¶7 and 11.

## APPLICABLE LEGAL STANDARDS

"At the Rule 12(b)(6) stage, 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims."  *Sims v. Artuz*, 230 F. 3d 14, 20 (2d Cir. 2000).  Thus, when considering a motion to dismiss, a court must accept the facts alleged in the complaint as true and make all reasonable inferences in the plaintiff's favor.  *Desarrolladora Farallon S. de R.L. de C.V. v. Cargill Fin. Servs. Int'l*, 2016 U.S. App. LEXIS 20104, at *8-9 (2d Cir. Nov. 8, 2016).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  Importantly, the "plausibility standard is not akin to a probability requirement . . . ."  *Iqbal*, 129 S. Ct. at 1946.

---

[10] *See* Hain Celestial to Reformulate Some Products, Drop Claim on Chemical, by Serena Ng, WSJ, April 3, 2016 (available at http://www.wsj.com/articles/hain-celestial-to-reformulatesome-products-drop-claim-on-chemical-1459730257), which was cited in Plaintiff's complaint and incorporated therein by reference.  *See* Complaint at ¶ 4 and n. 7.

## LEGAL ANALYSIS

**I.    Dismissal of Hain Celestial, at this Stage of the Proceedings, Is Inappropriate.**

As noted above, it is well-established that at the motion to dismiss stage, the Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the plaintiff.  *Cargill Fin. Servs. Int'l*, 2016 U.S. App. LEXIS 20104, at *8-9.  Ignoring this standard, Hain Celestial seeks dismissal of the claims against it upon the proposition that a parent corporation "is not automatically liable for the acts of its wholly owned subsidiary."  *See* Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss Amended Class Action Complaint and/or Strike Class Allegations ("Defs. Memorandum") at 4.  Hain Celestial's argument is fundamentally flawed for three primary reasons:  (1) Plaintiff's allegations seek to hold Hain Celestial directly liable for its active and direct involvement in the challenged conduct, (2) in the alternative, Plaintiff's Complaint sufficiently pleads parental control by Hain Celestial to allege vicarious liability at the pleading stage, and (3) Hain Celestial's argument amounts to nothing more than a factual dispute, which is not properly resolved on a motion to dismiss.  Accordingly, Hain Celestial's argument should be rejected.

A.    <u>Hain Celestial Directly Participated In the Challenged Conduct</u>

Plaintiff specifically alleges that Hain Celestial directly participated in the production, marketing, and sale of its Jason Natural brand products, which contained the alleged deceptive advertising claim of "no SLS".  *See* Complaint at ¶¶ 1, 3, 5-7, 9, 11, 12-14.   Defendants concede as much.  *See* Defs. Memorandum at 10 (acknowledging that "Plaintiff alleges that 'Hain Celestial manufactures natural health and beauty products under the Jason Natural brand,'" and that "Defendants marketed and advertised their products as being SLS-free.").  Tellingly,

Plaintiff's allegations are consistent with Hain Celestial's statements in its 2015 Form 10-K.[11] There, Hain Celestial touts that its United States business segment,[12] which is responsible for the marketing and sales of its personal care product line in the United States,[13] utilizes a business model that is premised on "integrat[ing] our brands under one management team and employ[ing] uniform marketing, sales, and distribution programs."[14] Hain Celestial's 2015 Form 10-K further reveals that Hain Celestial leases the manufacturing facility in Culver City, California where its personal care products, including its JASON brand products as well as others,[15] are manufactured (*id*. at 8 and 22); that Hain Celestial owns the trademarks for its JASON brand products (*id*. at 10), and that Hain Celestial reports its financials on a consolidated basis (*id*. at 4).[16] Thus, accepting Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, as this Court must, Plaintiff has sufficiently plead Hain Celestial's direct involvement in the alleged wrongs.

---

[11] The court may take judicial notice of the relevant facts in Hain Celestial's 2015 Form 10-K. *See* Fed. R. Evid. 201(b) (providing that a court may judicially notice a fact that is not subject to reasonable dispute because it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Citadel Equity Fund v. Aquila, Inc.*, 168 Fed. Appx. 474, 476 (2d Cir. 2006 (stating it was within district court's discretion to take judicial notice of an SEC filing when considering a motion to dismiss); *Lichtenstein v. Cader*, 2013 U.S. Dist. LEXIS 127645 (S.D.N.Y. Sept. 6, 2013) (providing that a court may consider "items subject to judicial notice and matters of public record" when considering a motion to dismiss). "Matters judicially noticed by the district court are not considered matters outside the pleading." *See Geron v. Seyfarth Shaw LLP*, 736 F.3d 213, 219 (2d Cir. 2013) (internal quotations omitted).

[12] Hain Celestial is divided into five operating segments:  (1) United States, (2) United Kingdom, (3) Hain Pure Program, (4) Canada, and (5) Europe.  *See* 2015 Form 10-K at 5, available at https://www.sec.gov/Archives/edgar/data/910406/000091040615000028/hain-06302015x10k.htm.

[13] Hain Celestial's personal care product line includes products under the following brands:  Alba Botanica, Avalon Organics, Earth's Best, Jason Natural, and Queen Helene brands.  *See* 2015 Form 10-K at 5-6.

[14] *See id.* at 3 and 28.

[15] In addition to its JASON brand products, Hain Celestial's Culver City, California manufacturing facility also produces Alba Botanica, Avalon Organics, and Earth's Best brand products.  *See* 2015 Form 10-K at 8.

[16] Hain Celestial's personal care products accounted for approximately 5% of its consolidated net sales.  *See* 2015 Form 10-K at 4.

**B.**     Alternatively, Plaintiff's Allegations Sufficiently Allege a Theory of Indirect
            Liability Under Vicarious Liability Principles

Assuming arguendo that Plaintiff's allegations fall short of alleging Hain Celestial's

direct involvement in the unlawful conduct, they sufficiently and plausibly support a theory of

indirect liability under vicarious liability principles.  To expound, while Hain Celestial is correct

that, on the one hand, a parent corporation is not automatically liable for its subsidiaries' actions,

it is further true that a court may hold a parent corporation accountable for its subsidiaries' acts

where the subsidiary's actions were carried out as a result of the parent's direction and/or the

subsidiary was acting as the parent's agent.  *See Ntsebeza v. Daimler AG*, 617 F. Supp. 2d 228,

298-99 (S.D.N.Y. 2009) (stating a parent may be held vicariously liable for acts of its

subsidiaries where "the parent has manifested its desire for the subsidiary to act upon the

parent's behalf, the subsidiary has consented so to act, the parent has the right to exercise control

over the subsidiary with respect to matters entrusted to the subsidiary, and the parent exercises its

control in manner more direct than by voting a majority of the stock in the subsidiary or making

appointments to the subsidiary's Board of Directors.").  As such, and as an alternative to

Plaintiff's theory of Hain Celestial's direct participation, the factual allegations in the Complaint

support a finding that Hain Celestial is indirectly liable because it controlled the decision-making

and activities that harmed Plaintiff and the Class.

Here, as set forth above, Hain Celestial and its subsidiaries operate pursuant to a business

model that mandates a common course of action for all, i.e. integrated marketing, sales, and

distribution policies.  *See supra.*  Based on this fact, it is reasonable to infer that all policy,

marketing and sales decisions for Hain Celestial's natural care products, which includes its Jason

Natural brand products, were made according to the direction of and/or approved by Hain

Celestial.  In addition, Hain Celestial's public filing reveals that it controls the manufacturing

facility and operations of its Jason Natural products, along with its other natural care product brands.  *See supra.*  Moreover, Hain Celestial's website lists its brands, including its Jason Natural brand, without differentiating between parent and subsidiaries,[17] and Hain Celestial reports its financials on a consolidated basis.

In sum, the policies and marketing, sales, and distribution decision-making for Hain Celestial's Jason Natural brand products were made according to the direction of Hain Celestial, Hain Celestial intermingled property with its brands, Hain Celestial's web page doesn't distinguish between parent and subsidiaries when marketing its brands, but rather promotes and markets them collectively, and Hain Celestial and Jason Natural share consolidated financial statements.  Accordingly, the facts in this case sufficiently and plausibly support a theory of vicarious liability for the alleged deceptive advertising at this stage of the proceedings.

C.     Defendants' Argument Is a Factual Dispute That Is Not Properly Resolved on a
         Motion to Dismiss

As noted above, Defendants acknowledge that Plaintiff's pleading includes direct allegations against Hain Celestial.  Thus, Defendants' position amounts to nothing more than a factual dispute that is not properly resolved on a motion to dismiss.  *In re Giant Interactive Group, Inc. Sec. Litig.*, 643 F. Supp. 2d 562, 570 (S.D.N.Y. 2009) (holding factual dispute could not be resolved on motion to dismiss); *S.E.C. v. Apolant*, 411 F. Supp. 2d 271, 277 (E.D.N.Y. 2006) (noting all potential factual disputes must be resolved in plaintiff's favor on a motion to dismiss).

---

[17] *See* http://www.hain.com/company/ and http://www.hain.com/brands/.

**II.     Federal Rule of Civil Procedure 8 Permits Plaintiff to Plead Alternative Causes of Action.**

Defendants next posit that Plaintiff's unjust enrichment claim should be dismissed as duplicative because it is based on the same factual allegations as Plaintiff's other causes of action.  *See* Defs. Memorandum at 8-9.  In arguing so, Defendants do not challenge the legal sufficiency of Plaintiff's unjust enrichment allegations, but rather challenge Plaintiff's general right to plead unjust enrichment as an alternative claim to her other causes of action.  Application of Federal Rule of Civil Procedure 8 quickly disposes of Defendants' argument.

FRCP 8(d)(2) provides that "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single court or defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." As such, Plaintiff's alternative causes of action are proper at this stage of the litigation.  *See Zimmerli Textil AG v. Kabbaz*, 2015 U.S. Dist. LEXIS 136171, at *14 (E.D.N.Y. Sept. 30, 2015) (denying defendant's motion to dismiss plaintiff's claims of breach of implied contract and unjust enrichment upon finding that plaintiff may plead in the alternative and is not required, at the pleading stage, to guess which claim will be successful); *Tropical Sails Corp. v. Yext, Inc*., 2015 U.S. Dist. LEXIS 64722, at *18-20 (S.D.N.Y. May 18, 2015) (denying defendant's motion to dismiss plaintiff's claim for unjust enrichment); *St. John's Univ. v. Bolton*, 757 F. Supp. 2d 144, 183-84 (E.D.N.Y. 2010) (stating that at the pleading stage, a plaintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims and holding that dismissal of plaintiff's theory of unjust enrichment at the motion to dismiss would be inconsistent with Rule 8); *Seiden Assocs. v. ANC Holdings, Inc*., 754 F. Supp. 37, 40 (S.D.N.Y. 1991) (holding that dismissal of plaintiff's alternative theory of unjust enrichment on a motion to

dismiss "would violate the liberal policy of [Rule 8(d)(2)] which allows plaintiffs wide latitude in framing their right to recover.").

### III. Plaintiff's Claim for Negligent Misrepresentation Is Not Barred By the Economic Loss Doctrine

Defendants argue that Plaintiff's negligent misrepresentation claim should be dismissed pursuant to the economic loss rule because Plaintiff fails to allege non-economic injury or to plead the requisite special relationship. *See* Opposition at 12-13 (acknowledging that the economic loss doctrine does not apply in cases "alleging a special relationship," but arguing that no such relationship exists in the present case)[18] Defendants' arguments fail.

Defendants tricked Plaintiff into purchasing and *using* products containing SLS—a dangerous chemical that Plaintiff expressly sought to avoid. Complaint at ¶¶ 8-14; 19; 36; 42; 51-55; 61-64. It is true that Plaintiff alleges economic loss from Defendants' bad acts, but this does not mean she suffered no additional injury from exposure to SLS. Rather, Plaintiff alleges that she was unwittingly *exposed* to a harmful chemical, in the course of buying and using Defendants' unlawfully-labeled products. *Id.* As discussed, *supra*, exposure to SLS poses a host of health risks, including possible carcinogenic effect. Where, as here, a complaint articulates exposure to a harmful chemical, a plaintiff has properly pled credible risk of injury, and the economic loss rule does not bar her claim. *Koch v. Hicks (In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.)*, 457 F. Supp. 2d 298, 318 (S.D.N.Y. 2006) (exposure of plaintiffs' property to potentially hazardous chemicals as a result of groundwater pollution rendered economic loss rule inapposite).With regard to the issue of whether a special relationship exists in this action, both the Court of Appeals for New York and the Second Circuit have stated that this

---

[18] *See also Travelers Cas. & Sur. Co. v. Dormitory Auth.*, 734 F. Supp. 2d 368 (S.D.N.Y. 2010) ("A limited exception to New York's barrier against recovery of economic loss exists [ ] for claims of negligent misrepresentation.").

determination is a factual inquiry, making it inappropriate for resolution on a motion to dismiss. *See Kimmell v. Schaefer*, 89 N.Y. 2d 257, 675 N.E. 2d 450, 454 (1996) ("Whether the nature and caliber of the relationship between the parties is such that the injured party's reliance on a negligent misrepresentation is justified generally raises an issue of fact."); *Suez v. Equity Investors, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 104 (2d Cir. 2001) (citing *Kimmell* and holding that "Given that a determination of whether a special relationship exists is essentially a factual inquiry, these allegations are sufficient to overcome a motion to dismiss.").

   Even so, Plaintiff has adequately alleged a special relationship. All that is required to find a special relationship is consideration of:

> Whether the person making the representation held or appeared to hold unique or special expertise, whether a special relationship of trust or confidence existed between the parties; and whether the speaker was aware of the use to which the information would be put and supplied it for that purpose.

*Kimmell*, 675 N.E. 2d at 454. Here, Hain Celestial, as a self-proclaimed leader in natural and organic products, at a minimum appeared to hold unique or special expertise as to SLS and SCS. Defendants' claims that its products were SLS-free appeared to be based on scientific evidence (*i.e.* special expertise). In addition, Defendants were clearly aware that such representations on their products' labels would be used by consumers to determine whether to purchase a natural shampoo and/or whether to purchase Defendants' products as compared to other products. Defendants made these representations about the purported benefits of being SLS-free for the purpose of inducing consumers, like Plaintiff, to purchase their products because labels matter. *See Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 475 (E.D.N.Y. 2013) (finding plaintiff plead plausible claim for special relationship where defendant targeted individuals who generally lacked the scientific of medical background necessary to carefully assess the company's statements before purchase, and, therefore, would have to trust the representations as stated in

the company's marketing); *Kimmell*, 675 N.E. 2d at 454.  Thus, Plaintiff has adequately alleged

the existence of a special relationship under New York law sufficient to withstand Defendants'

motion to dismiss.[19]

## IV.   Plaintiff Is Entitled to Seek Injunctive Relief.

Defendants next argue that Plaintiff lacks standing to seek injunctive relief because

Plaintiff has now learned that Defendants' claims of "no SLS" are false, so there is no risk of

continuing or future injury resulting from the Defendants' false advertising.  While this argument

has found some traction among courts, the better reasoned approach holds that "plaintiffs have

standing to seek injunctive relief based on the allegation that a product's labeling or marketing is

misleading to a reasonable consumer."  *Belfiore v. P&G*, 94 F. Supp. 3d 440, 445 (E.D.N.Y.

2015) (internal quotations omitted); *see also Ackerman v. Coca-Cola Co*., 2013 U.S. Dist.

LEXIS 184232, at *2-3 and *57-58 (E.D.N.Y. 2013) (collecting cases).[20] As explained by the

*Ackerman* court, "[t]o hold otherwise would 'effectively bar any consumer who avoids the

offending product from seeking injunctive relief.'"  2013 U.S. Dist. LEXIS 184232, at *57

(quoting *Koehler v. Litehouse, Inc*., 2012 U.S. Dist. LEXIS 176971, at *17 (N.D. Cal. Dec. 13,

2012)).  Indeed, in certifying an injunctive relief class, the court in *Jermyn v. Best Buy Stores,*

*L.P.,* 256 F.R.D. 418, 434 (S.D.N.Y. 2009), stated as follows:

> there is overwhelming positive value to the injunctive relief that the class seeks.
> Such an injunction would prevent [the defendant] from continuing to perpetrate
> its alleged deceptive . . . Policy on all New York consumers in violation of New
> York law.  The state of New York placed a high value on this type of injunctive
> relief; indeed, section 349 expressly provides for it:  'Any person who has been

---

[19] Other courts have determined that dismissal of the plaintiff's negligence claims "without the benefit of discovery and a factual record is not warranted."  *Clet H. Mansfield Heliflight v. Freestream Aircraft United States*, 2016 U.S. Dist. LEXIS 169642 (D. Ver. Dec. 7, 2016).

[20] *See also Ries v. Arizona Beverages USA LLC*, 287 F.R.D. 523, 533 (N.D. Cal. 2012) (finding standing to seek injunctive relief for consumers who did not plan to purchase product again and stating "were the Court to accept the suggestion that plaintiffs' mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result.").

injured by reason of any violation of this section may bring an action in his own name *to enjoin such unlawful act or practice* . . . .' N.Y. Gen, Bus. Law § 349(b) (emphasis added).

*Cf. Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340 (2d Cir. 1998) (finding that the "class representatives continue to maintain a personal stake" in the case because "[g]ranting the requested injunctive and declaratory relief would redress the named plaintiffs' injury and provide future relief for other members of the class.").

## V.   Defendants' Motion to Strike Plaintiff's Class Allegations Is Premature and Without Merit

"[M]otions to strike are generally looked upon with disfavor and will typically be considered premature unless it addresses issues 'separate and apart from the issues that will be decided on a class certification motion.'" *Blagman v. Apple, Inc*., 2013 U.S. Dist. LEXIS 71280, at *5 (S.D.N.Y. May 20, 2013). "'A motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification.'" *Id*. at *6 (quoting *Calibuso v. Bank of America Corp*., 893 F. Supp. 2d 374, 383 (E.D.N.Y. 2012)).

Here, Defendants ask this Court to dismiss Plaintiff's national class allegations under Rule 12(f) on the basis that, according to Defendants, a variance in state law precludes a finding of predominance. *See* Defs. Memorandum at 9-11. Because this is precisely the type of argument that a court decides in connection with determining the appropriateness of class certification under Rule 23, it should be denied as premature. *See id.* at *19 ("Dismissal of class allegations at the pleading stage should be done rarely as the better course is to deny such a motion because the shape and form of a class action evolves only through the process of

discovery."); *Chen v. Hiko Energy, LLC*, 2014 U.S. Dist. LEXIS 181846, at *18-9 (S.D.N.Y. Dec. 29, 2014) (holding that defendant's motion to strike was premature because it raised issues related to whether the class satisfied Rule 23's requirements of superiority, commonality, and predominance requirements).[21]

Aside from its prematurity, Hain Celestial's motion to strike is without merit.  The "application of laws of different states, if necessary, does not preclude class action certification." *In re Crazy Eddie Sec. Litig.*, 135 F.R.D. 39, 41 (E.D.N.Y. 1991).  Indeed, courts routinely certify national and/or multi-state classes alleging state law claims.  *In re McCormick & Co.*, 2016 U.S. Dist. LEXIS 156583 (D.D.C. Nov. 11, 2016) (denying motion to dismiss upon because "[m]ulti-state class claims should not be dismissed if it is possible that the plaintiffs could demonstrate a manageable grouping of the state laws" and, at this stage, the court "does not yet know if grouping is possible."); *In re Conseco Life Ins. Co. Lifetrend Sales & Mktg. Litig.*, 270 F.R.D. 521 (N.D. Cal. 2010) (granting certification to national class upon finding that the variations in state law "may be handled at trial by grouping similar state laws together and applying them as a unit."); *In re Mercedes-Benz Tele Aid Contract Litig.*, 257 F.R.D. 46, 58 (D.N.J. 2009) (certifying national class upon finding "[w]hile there are minor variations in the elements of unjust enrichment under the laws of the various states, those differences are not material and do not create an actual conflict" and, as such, applying New Jersey law to the plaintiff's unjust enrichment claims).  Thus, it would be inappropriate to strike Plaintiff's class allegations on Defendants' blanket statement that variances in state law may exist.

---

[21] The prematurity of Hain Celestial's motion is highlighted in many of the cases relied upon by Hain Celestial, as those cases were deciding a motion for class certification at the class certification stage, not a motion to strike prior to class discovery.  *See Lewis Tree Serv. v. Lucent Techs., Inc.*, 211 F.R.D. 228 (S.D.N.Y. 2002) and *In re Rezulin Prods. Liab. Litig.*, 210 F.R.D. 61 (S.D.N.Y. 2002) (finding that at the class certification stage, plaintiff must provide an analysis of state law variations to determine whether there are obstacles to class certification).

## **CONCLUSION**

Based on the foregoing, this Court should deny Defendants' motion to dismiss and/or strike class allegations.

DATED: December 12, 2016                    Respectfully submitted,

**LAW OFFICES OF THOMAS M. MULLANEY**
Thomas M. Mullaney (TM 4274)
tmm@mullaw.org
489 Fifth Avenue, Suite 1900
New York, NY 10017
Tel: 212-223-0800

*Attorney for Plaintiff Lori D. Gordon, Individually*

AND

**CARNEY BATES & PULLIAM, PLLC**
Allen Carney (*Pro Hac Vice*)
acarney@cbplaw.com
David Slade (*Pro Hac Vice*)
dslade@cbplaw.com
519 W. 7th Street
Little Rock, AR 72201
(501) 312-8500 Telephone
(501) 312-8505 Facsimile

*Attorneys for Proposed Class*

BY:      */s/ Allen Carney*
ALLEN CARNEY (AR BAR NO. 94122)

16

## <u>CERTIFICATE OF SERVICE</u>

I, Allen Carney, hereby certify that on December 12th, 2016, I caused a copy of the foregoing Amended Class Action Complaint to be served upon all counsel of record by causing a true and correct copy thereof to be electronically filed via ECF.

*/s/ Allen Carney*

17