UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: January 18, 2017
```

-------------------------------------------------------------- X
:
LORI D. GORDON, on behalf of herself and all
others similarly situated,
:
:
Plaintiff,
:
:                                  16-cv-6526 (KBF)
-v-                       :
:                                  OPINION & ORDER
THE HAIN CELESTIAL GROUP, INC. and
JASON NATURAL PRODUCTS, INC.,
:
:
Defendants.        :
-------------------------------------------------------------- X

KATHERINE B. FORREST, District Judge:

This is a putative consumer class action against defendants The Hain

Celestial Group, Inc. ("Hain Celestial") and its subsidiary Jason Natural Products,

Inc. ("Jason Natural"), which manufacture, market and sell natural personal care

products.  (First Am. Compl. (hereinafter, the "FAC") (ECF No. 28) ¶¶ 1, 3; see also

id. ¶¶ 7, 11.)  Plaintiff claims defendants deceptively marketed five of their products

(which she allegedly purchased) as lacking sodium lauryl sulfate ("SLS"), an

allegedly irritating chemical compound.  (Id. ¶ 1.)  Plaintiff's claims are cast as

negligent misrepresentation, breach of express warranty, unjust enrichment, and

violations of New York's False Advertising Law (N.Y. Gen. Bus. Law §§ 350 et seq.)

and New York's Deceptive Trade Practices Act (N.Y. Gen. Bus. Law §§ 349 et seq.).

(See id.  ¶¶ 30-65.)

Now before the Court is defendants' partial motion to dismiss the FAC under

Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 32.)  Defendants make various

arguments in support of dismissal of certain claims and relief:  (1) that the negligent misrepresentation claim is barred by the economic loss doctrine; (2) that the unjust enrichment claim is duplicative of other claims; (3) failure to allege any causes of action against Hain Celestial; (4) lack of standing to seek injunctive relief; and (5) that plaintiff's nationwide class allegations are deficient on their face. (See ECF No. 33 at 6-7.)

Notably, as to Jason Natural, defendants have only sought to dismiss the negligent misrepresentation and unjust enrichment claims.  The Court grants this portion of the motion, leaving the breach of express warranty, false advertising and deceptive trade practices claims pending against Jason Natural.  Defendants have, on the other hand, moved to dismiss all claims against Hain Celestial, arguing that the FAC disregards the corporate separateness between the two defendants and only plausibly alleges misconduct by Jason Natural.  Whether by oversight or design, the FAC often does not distinguish between the two defendants and misattributes statements on Jason Natural's website to Hain Celestial.  At least one key factual allegation, however, prevents Hain Celestial's dismissal entirely:  the allegation that Hain Celestial "manufactures and sells natural health and beauty products under the Jason Natural brand".  (FAC ¶ 3.)  The Court must, on this Rule 12(b)(6) motion, accept this allegation as true.

In the absence of the allegation in paragraph 3—that Hain Celestial itself manufactures and sells Jason Natural brand products—the other "group" allegations would be insufficient.  But that allegation—though thin a reed as can

be—saves certain claims from dismissal at this stage.  (The Court invites an early summary judgment motion with respect to whether Hain Celestial in fact itself manufactures and sells the Jason Natural products at issue here.)

Defendants may ultimately prove correct that Hain Celestial was not directly involved in any established mislabeling of the products as SLS-free.  It could be, for example, that Jason Natural in fact manufactures and sells the products at issue, and that Hain Celestial is merely the parent.  Nevertheless, at this early stage, and accepting all allegations as true, the Court concludes that plaintiff's claims for breach of express warranty, false advertising and deceptive trade practices against Hain Celestial must survive.  The Court further finds that plaintiff has not alleged sufficient facts to support injunctive relief, and thus that portion of the motion is granted.  Finally, the Court declines to strike the class allegations on the basis of prematurity.

For the reasons set forth below, defendants' partial motion to dismiss is GRANTED in PART and DENIED in PART.

I.      BACKGROUND

        A.      <u>Factual Allegations</u>

Plaintiff specifically alleges that Hain Celestial manufactures and sells natural personal care products under the brand names Jason Natural and Earth's Best, among others.  (<u>Id.</u> ¶ 3.)  Plaintiff also specifically alleges that Hain Celestial and Jason Natural are distinct corporate entities; no allegations clearly establish

the relationship between the two or differentiate the defendants' roles vis-à-vis the Jason Natural products at issue in this litigation.  (Id. ¶¶ 20, 21.)

Plaintiff Lori D. Gordon is an alleged purchaser of five Jason Natural brand products (the "Products"):  (1) Long & Strong Jojoba Pure Natural Shampoo; (2) Volumizing Lavender Shampoo; (3) Normalizing Tea Tree Treatment Shampoo; (4) Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner; and (5) Smoothing Coconut Body Wash.  (Id. ¶¶ 6, 8.)[1]  Plaintiff allegedly purchased these Products on a regular basis from November 2012 to March 2016 from retailers in New York and Connecticut.  (Id. ¶ 8.)  Plaintiff alleges that "Defendants" market, advertise, produce, supply, promote and sell the Products.  (Id. ¶¶ 7, 11.)[2]

Plaintiff alleges "the companies have long claimed" their products do not contain SLS, an alleged eye, skin and respiratory irritant.  (Id. ¶¶ 2-3.)  For instance, pictures of the Products attached to the FAC show that each bears a label stating, "NO . . . SLS".  (Id., Ex. A at 2, 4, 6, 8, 10; see also id. ¶ 6.)  She further alleges she purchased the Products after reading and relying upon these labels and "for the express purpose of avoiding coming into contact with SLS" and its "dangerous side effects".  (Id. ¶ 8.)  Nevertheless, plaintiff asserts that, from 2011 to

---

[1] Plaintiff seeks to certify a nationwide class of consumers and a New York subclass of consumers under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3).  (Id. ¶¶ 22, 23.)  The nationwide class would consist of "[a]ll consumers in the United States who, through the date of entry of judgment, themselves or via an agent, purchased Defendants' Products for any consumer or household use." (Id. ¶ 22.)  The New York subclass would consist of "[a]ll consumers who, in the State of New York, through the date of entry of judgment, themselves or via an agent, purchased Defendants' Products for any personal, family or household use."  (Id. ¶ 23.)

[2] Plaintiff describes the Products as "Defendants' Products"—or "their Products"—throughout the FAC (e.g., id. ¶¶ 7, 8, 10, 12, 13) (emphases added)), except in one instance in which she refers to "Jason Natural's shampoo products" (id. ¶ 3) (emphasis added).

4

2016, defendants misleadingly produced, supplied, marketed and sold their
Products as being free of SLS, even though they knew or should have known this
was not true.  (Id. ¶¶ 1, 7, 11.)

On March 10, 2016, the Wall Street Journal reported that it had
commissioned two independent laboratories to test for SLS in several consumer
products containing sodium coco sulfate ("SCS") (id. ¶ 4 n.7), a compound plaintiff
alleges to be a "blend of cleaning agents that contains about 50% SLS" (id. ¶ 5).  The
laboratories identified SLS in Hain Celestial's Earth Best baby shampoo.  (Id. ¶ 4
n.7.)  This shampoo was the only Hain Celestial or Jason Natural product tested in
the study or reported on by the Wall Street Journal.  (Id.)

Plaintiff alleges that, "In response to these test results, Hain Celestial has
argued that it does not add SLS to its Products; instead it uses sodium coco sulfate
('SCS')" (id. ¶ 5), and that "Hain Celestial now acknowledges that there may be
some amount of sodium lauryl sulfate contained in some of our surfactant products
as a constituent of the sodium coco sulfate" (id. ¶ 6 (internal quotation marks
omitted)).  Although plaintiff attributes these representations to Hain Celestial, the
footnotes accompanying the allegations cite to a Jason Natural website.  (See id. ¶¶
5 n.9 (citing http://www.jason-personalcare.com/faq), 6 n. 12 (same).)  Citing the
same website, plaintiff further alleges that, "[a]t present, the company claims it is
in the process of removing SLS-free claims from the Products' packaging."  (Id. ¶ 6
n.13 (citing http://www.jason-personalcare.com/faq).)

Plaintiff alleges that if the Products were not misleadingly labeled, she and the other putative class members either would not have purchased them or would have paid less for them.  (Id. ¶ 13.)  Plaintiff further alleges that, in this scenario, she personally would not have purchased the Products.  (Id. ¶ 8.)

B.    Procedural History

Plaintiff commenced this action on August 17, 2016.  At an initial pretrial conference held on October 26, 2016, counsel for defendants indicated defendants' intended to move to dismiss the complaint and outlined the likely bases on which they would move.  (Transcript of Proceedings Held on October 26, 2016 ("IPTC Tr.", ECF No. 30) 7:4-8:13.)  Counsel for plaintiff indicated plaintiff would likely respond by seeking to amend the complaint.  (Id. 8:17-9:19; 9:20-10:20.)  Accordingly, the Court set a briefing schedule for plaintiff to amend the complaint and for defendants to move to dismiss the amended complaint.  (See ECF No. 26.)  The Court indicated that it would entertain only one set of motion practice at the motion to dismiss stage.  (IPTC Tr. 8:17-9:15; 10:11-18.)  Plaintiff filed the FAC on November 10, 2016 (ECF No. 28), and defendants filed the instant partial motion to dismiss the FAC on November 30, 2016 (ECF No. 32).

II.    RELEVANT LEGAL PRINCIPLES

A.    Motion to Dismiss

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"

6

ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In other words, the complaint

must allege "'enough facts to state a claim to relief that is plausible on its face.'"

Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting

Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that

the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (citing Twombly, 550 U.S. at 556).

In applying this standard, the Court accepts as true all well-pled factual

allegations, but does not credit "mere conclusory statements" or "[t]hreadbare

recitals of the elements of a cause of action."  Id. (citing Twombly, 550 U.S. at 555).

The Court will give "no effect to legal conclusions couched as factual allegations."

Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007)

(citing Twombly, 550 U.S. at 555).  A plaintiff may plead facts alleged upon

information and belief "where the facts are peculiarly within the possession and

control of the defendant."  Arista Records, LLC v. Doe 3, 604 F.3d 110, 120 (2d Cir.

2010) (citations omitted).  But, if the Court can infer no more than the mere

possibility of misconduct from the factual averments—in other words, if the well-

pled allegations of the complaint have not "nudged [plaintiff's] claims across the line

from conceivable to plausible"—dismissal is appropriate.  Twombly, 550 U.S. at 570;

see also Starr, 592 F.3d at 321 (quoting Iqbal, 556 U.S. at 679).

In deciding a motion to dismiss under Rule 12(b)(6), the Court may consider documents referenced in the complaint or relied upon in framing the complaint.  See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated.") (internal quotation marks, alteration and citation omitted).

## III.   RELEVANT LEGAL PRINCIPLES

### A.   Injunctive Relief

"[I]n order to seek injunctive relief, a plaintiff must show the three familiar elements of standing:  injury in fact, causation, and redressability." Cacchillo v. Insmed, Inc., 638 F.3d 401, 404 (2d Cir. 2011) (citing Summers v. Earth Island Inst., 555 U.S. 488, 493 (2009)); see also McCormick ex rel. McCormick v. Sch. Dist. of Mamaroneck, 370 F.3d 275, 284 (2d Cir. 2004) (setting forth requirements to establish these elements under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992)). "A plaintiff seeking injunctive . . . relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998)

(citing <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 105-06 (1983)).  "[A]bstract injury is not enough; rather, 'the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" <u>Shain v. Ellison</u>, 356 F.3d 211, 215 (2d Cir. 2004) (quoting <u>O'Shea v. Littleton</u>, 414 U.S. 488, 494 (1974)) (alterations omitted).  An injury is "redressable" if there is "a non-speculative likelihood that [it] can be remedied by the requested relief." <u>Allco Fin. Ltd. v. Klee</u>, 805 F.3d 89, 93-94 (2d Cir. 2015) (quoting <u>W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP</u>, 549 F.3d 100, 106-07 (2d Cir. 2008)) (internal quotation marks omitted).

### B.   <u>Negligent Misrepresentation</u>

"To state a claim for negligent misrepresentation under New York law, the plaintiff must allege that '(1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.'" <u>Anschutz Corp. v. Merrill Lynch & Co.</u>, 690 F.3d 98, 114 (2d Cir. 2012) (quoting <u>Hydro Inv'rs, Inc. v. Trafalgar Power Inc.</u>, 227 F.3d 8, 20 (2d Cir. 2000)).  Under New York's economic loss rule, however, a plaintiff may only assert a claim for negligent misrepresentation if he or she alleges personal or property damage, as opposed to economic loss. <u>Weisblum v. Prophase Labs, Inc.</u>, 88 F. Supp. 3d 283, 297 (S.D.N.Y. 2015) (quoting <u>Dervin Corp. v. Banco Bilbao Vizcaya Argentaria, S.A.</u>, No. 03-cv-

9141 (PKL), 2004 WL 1933621, at *6 n.3 (S.D.N.Y. Aug. 30, 2004)); <u>Cherny v.
Emigrant Bank</u>, 604 F. Supp. 2d 605, 609 (S.D.N.Y. 2009) (citing <u>Manhattan
Motorcars, Inc. v. Automobili Lamborghini, S.p.A.</u>, 244 F.R.D. 204, 212, 215
(S.D.N.Y. 2007)); <u>see also</u> <u>Suffolk Cty. v. Long Island Lighting Co.</u>, 728 F.2d 52, 62
(2d Cir. 1984) ("New York law holds that a negligence action seeking recovery for
economic loss will not lie") (citations omitted).

  C. <u>Unjust Enrichment</u>

  To state a claim for unjust enrichment under New York law, a plaintiff must
allege that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and
good conscience militate against permitting defendant to retain what plaintiff is
seeking to recover." <u>Briarpatch Ltd., L.P v. Phoenix Pictures, Inc.</u>, 373 F.3d 296,
306 (2d Cir. 2004) (citing <u>Clark v. Daby</u>, 751 N.Y.S.2d 622, 623 (3d Dep't 2002)).

  Generally, "a claim for unjust enrichment may be pleaded in the alternative
to other claims." <u>Barnet v. Drawbridge Special Opportunities Fund LP</u>, No. 14-cv-
1376 (PKC), 2014 WL 4393320, at *22 (S.D.N.Y. Sept. 5, 2014) (citations omitted);
<u>see also</u> Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim
or defense alternatively or hypothetically, either in a single count or defense or in
separate ones.  If a party makes alternative statements, the pleading is sufficient if
any one of them is sufficient."); Fed. R. Civ. P. 8(d)(3) ("A party may state as many
separate claims or defenses as it has, regardless of consistency.")  However, unjust
enrichment "is not available where it simply duplicates, or replaces, a conventional
contract or tort claim." <u>Corsello v. Verizon N.Y., Inc.</u>, 18 N.Y.3d 777, 790 (2012)

(citations omitted); see also Mahoney v. Endo Health Solutions, Inc., No. 15-cv-9841 (DLC), 2016 WL 3951185, at *11 (S.D.N.Y. July 20, 2016).  Rather, unjust enrichment "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff."  Corsello, 18 N.Y.3d at 790; see also Mahoney, 2016 WL 3951185, at *11.  "Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled."  Corsello, 18 N.Y.3d at 790 (citations omitted); see also Mahoney, 2016 WL 3951185, at *11.

D.     Liability of Corporate Parent

"Under New York Law, a parent company is not automatically liable for the acts of its wholly-owned subsidiary."  Beck v. Consol. Rail Corp., 394 F. Supp. 2d 632, 637 (S.D.N.Y. 2005) (internal quotation marks and citation omitted); Henneberry v. Sumitomo Corp. of Am., No. 04-cv-2128 (PKL), 2005 WL 1036260, at *3 (S.D.N.Y. May 3, 2005) (same).  "Because a principal purpose for organizing a corporation is to permit its owners to limit their liability, there is a presumption of separateness between a corporation and its owners".  Am Protein Corp. v. AB Volvo, 844 F.2d 56, 60 (2d Cir. 1988) (citation omitted); see also Billy v. Consol. Mach. Tool Corp., 51 N.Y.2d 152, 163 (1980) ("As a general rule, the law treats corporations as having an existence separate and distinct from that of their shareholders and, consequently, will not impose liability upon shareholders for the acts of the corporation.") (citation omitted).  "A parent company will not be held liable for the

11

torts of its subsidiary unless it can be shown that the parent exercises complete dominion and control over the subsidiary." <u>Beck</u>, 394 F. Supp. 2d at 638 (quoting <u>Montes Serrano v. New York Times Co. Inc.</u>, 797 N.Y.S.2d 135, 136 (2d Dep't 2005)) (internal quotation marks and alterations omitted); <u>accord</u> <u>Potash v. Port Auth. of N.Y. & N.J.</u>, 719 N.Y.S.2d 290, 291 (2d Dep't 2001) (collecting New York cases).

E.   <u>Motions to Strike Class Allegations</u>

Federal Rule of Civil Procedure 12(f) provides that a court may strike from a pleading "any redundant, immaterial, impertinent or scandalous matter."  Fed. R. Civ. P. 12(f).  "Motions to strike are generally looked upon with disfavor", <u>Yang Chen v. Hiko Energy, LLC</u>, No. 14-cv-1771 (VB), 2014 WL 7389011, at *3 (S.D.N.Y. Dec. 29, 2014) (internal quotation marks and citation omitted); <u>Blagman v. Apple Inc.</u>, No. 12-cv-5453 (ALC)(JCF), 2013 WL 2181709, at *2 (S.D.N.Y. May 20, 2013) (same), and are "rarely successful", <u>Reynolds v. Lifewatch, Inc.</u>, 136 F. Supp. 3d 503, 511 (S.D.N.Y. 2015) (citations omitted).  "Such motions are 'even more disfavored' in the class action context because they seek 'to preemptively terminate the class aspects of litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the [class certification] discovery to which they would otherwise be entitled.'"  <u>Yang Chen</u>, 2014 WL 7389011, at *3 (quoting <u>Chenensky v. N.Y. Life Ins. Co.</u>, No. 07-cv-11504 (WHP), 2011 WL 1795305, at *1 (S.D.N.Y. Apr. 27, 2011)); <u>accord</u> <u>Reynolds</u>, 136 F. Supp. 3d at 511 (citation omitted); <u>Blagman</u>, 2013 WL 2181709, at *2 (same).  Thus, courts typically deny motions to strike class allegations from the pleadings unless they "'address[]

issues separate and apart from the issues that will be decided on a class certification motion'". Yang Chen, 2014 WL 7389011, at *3 (quoting Chen-Oster v. Goldman, Sachs & Co., 877 F. Supp. 2d 113, 117 (S.D.N.Y. 2012)).  Class certification is governed by Federal Rule of Civil Procedure 23.  See Fed. R. Civ. P. 23(c)(1)(A) ("At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action.").

IV.   DISCUSSION

    A.   Negligent Misrepresentation

Defendants invoke New York's economic loss rule to dismiss plaintiff's negligent misrepresentation claim (Count I).  (ECF No. 33 at 12-13.)  The Court agrees that dismissal is appropriate on that basis.  The only cognizable injury alleged in connection with plaintiff's negligent misrepresentation claim is economic loss, i.e., that plaintiff and the putative class members purchased products they would have otherwise purchased at a lesser price or not at all.  (FAC ¶ 13; see also id. ¶ 37.)  In the absence of any alleged personal or property damage, the economic loss rule bars plaintiff's negligent misrepresentation claim.  See Long Island Lighting Co., 728 F.2d at 62 ("New York law holds that a negligence action seeking recovery for economic loss will not lie.") (citations omitted); see also Weisblum, 88 F. Supp. 3d at 297 (dismissing negligent misrepresentation claim because plaintiff alleged economic loss, but not personal or property injury); Cherny, 604 F. Supp. 2d at 609-10 (same); Manhattan Motorcars, Inc., 244 F.R.D. at 220 (same).

Plaintiff attempts to circumvent the economic loss rule in two ways.  Plaintiff first argues that her alleged exposure to SLS constitutes actionable personal injury. (See ECF No. 34 at 16-17.)  The Court disagrees.  At most, the FAC mentions that "[e]xposure to SLS can cause adverse health effects" (FAC ¶ 2 (emphasis added)), and that plaintiff was "aware of the dangerous side effects of SLS" (id. ¶ 8).  These statements may allude to conceivable personal injuries, but they fall short of alleging that plaintiff herself suffered any plausible personal injury in particular.

Plaintiff's reliance on In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 457 F. Supp. 2d 298 (S.D.N.Y. 2006) is thus misplaced.  In MTBE, property owners across the country sued several petroleum companies seeking relief from defendants' alleged or threated contamination of the groundwater supply with MTBE, a toxic gasoline additive.  Id. at 302.  The Court held that the economic loss rule did not bar plaintiff's negligence claim because plaintiffs adequately alleged personal and property damage.  Id. at 317.  As a preliminary matter, the Court notes that MTBE construes Maryland's economic loss doctrine.  Id.  In any event, the case does not stand for the proposition (advanced by plaintiff) that alleging mere exposure to a harmful chemical suffices to allege personal injury.  (See ECF No. 34 at 16 (citing MTBE for the proposition that "[w]here, as here a complaint articulates exposure to a harmful chemical, a plaintiff has properly pled credible risk of injury, and the economic loss rule does not bar her claim.").)  Although the complaint at issue in MTBE did allege that defendants' "'reckless, negligent, and illegal conduct resulted in the actual dangerous releases of hazardous and toxic substances into the

14

Plaintiffs' water supply", 457 F. Supp. at 318 (quoting Compl. ¶ 72), this was not the only allegation supporting personal injury.  Rather, unlike the FAC, the complaint in <u>MTBE</u> expressly alleged that defendants' conduct resulted in an "'unreasonable risk of harm, threat of future harm' and 'actual injuries to their property, economic interests <u>and person</u>.'"  <u>Id.</u> at 318 n.149 (quoting Compl. ¶ 72) (emphasis added).

Plaintiff additionally submits that the economic loss rule does not bar her negligent misrepresentation claim because she has alleged a "special relationship" with defendants.  (ECF No. 34 at 17.)  <u>See</u> <u>Anschutz Corp.</u>, 690 F.3d at 114 (noting that "special relationship" is a separate element of a negligent misrepresentation claim under New York law).  Plaintiff has not alleged sufficient facts to support a "special relationship" with defendants, however.  For instance, she has not asserted, as is required, that the parties shared a level of trust and confidence beyond that typical of counter-parties in arms-length consumer transactions.  <u>See</u> <u>Segedie v. Hain Celestial Grp., Inc.</u>, No. 14-cv-5029 (NSR), 2015 WL 2168374, at *14 (S.D.N.Y. May 7, 2015) ("To allege a special relationship, the plaintiff must establish something beyond an ordinary arms' length transaction.") (internal quotation marks, alteration and citation omitted); <u>see also</u> <u>Kimmell v. Schaefer</u>, 89 N.Y.2d 257, 263 (1996).  The lack of a special relationship between the parties provides an independent basis on which to dismiss plaintiff's negligent misrepresentation claim.  Thus, the Court dismisses the negligent misrepresentation claim (Count I) with prejudice.

B.    <u>Unjust Enrichment</u>

Defendant next argues plaintiff's unjust enrichment claim (Count III) must
be dismissed because it is based on the same factual allegations as the other tort
claims asserted in the FAC.  (ECF No. 33 at 13-14.)  The Court agrees.  Although
Rule 8(d) permits a plaintiff to plead alternative—and even inconsistent—theories
of liability, <u>see</u> <u>Barth Packaging, Inc. v. Excelsior Packaging Grp., Inc.</u>, No. 11-cv-
2563 (VB), 2011 WL 3628858, at *1 (S.D.N.Y. Aug. 16, 2011) (citing Fed. R. Civ. P.
8(d)(2), (3)), <u>see also</u> <u>Barnet</u>, 2014 WL 4393320, at *22, an unjust enrichment claim
must be dismissed when it entirely "duplicates" other tort or contract claims,
<u>Corsello</u>, 18 N.Y.3d at 790; <u>Mahoney</u>, 2016 WL 3951185, at *11; <u>see also</u> <u>Weisblum</u>,
88 F. Supp. 3d at 296-97 (suggesting that <u>Corsello</u> diminished plaintiff's ability to
plead unjust enrichment in the alternative under New York law); <u>Goldemberg v.</u>
<u>Johnson & Johnson Consumer Cos., Inc.</u>, 8 F. Supp. 3d 467, 483-84 (S.D.N.Y. 2014)
(same).

Dismissal with prejudice is required here.  Plaintiff alleges that defendants'
alleged unjust enrichment stems from "Defendants' deceptive, fraudulent, and
misleading labeling, advertising, marketing and sales of their Products"—the very
same conduct underlying her other claims.  (<u>See</u> FAC ¶ 44.)  Indeed, plaintiff's
unjust enrichment claim incorporates all allegations in the preceding paragraphs of
the FAC.  (<u>Id.</u> ¶ 43 ("Plaintiff repeats the allegations contained in the foregoing
paragraphs as if fully set forth herein.").  Thus, "To the extent [plaintiff's other]
claims succeed, the unjust enrichment claim is duplicative; if plaintiff['s] other

claims are defective, an unjust enrichment claim cannot remedy the defects."

Corsello, 18 N.Y. 3d at 791; see also Kriss v. Bayrock Grp. LLC, No. 10-cv-3959(LGS)(DCF), 2016 WL 7046816, at *23 (S.D.N.Y. Dec. 2, 2016).

     C.    Liability of Hain Celestial

Defendants additionally seek to dismiss all claims alleged against Hain Celestial, arguing that plaintiff exclusively alleges misconduct by Hain Celestial's subsidiary, Jason Natural.  (ECF No. 33 at 9-10.)

As a preliminary matter, the FAC is not pled with precision.  Plaintiff often conflates Hain Celestial with Jason Natural or blurs the distinction between them. For instance, although plaintiff alleges that "Hain Celestial now acknowledges that 'there may be some amount of sodium lauryl sulfate contained in some of our surfactant products as a constituent of the sodium coco sulfate'" (FAC ¶ 6) (emphasis added), this quote appears on Jason Natural's website, not Hain Celestial's (see id. n.12).  Plaintiff also cites the Jason Natural website to support its allegation that "Hain Celestial has argued that it does not add SLS to its Products; instead it uses sodium coco sulfate ('SCS')."  (FAC ¶ 5 n.10) (emphasis added).) In other instances, plaintiff groups Hain Celestial and Jason Natural together, making allegations referencing the "companies", "company" or "defendants" (e.g., id. ¶¶ 3, 7, 11) and "defendants' Products" or "their Products" (e.g., id. ¶¶ 7, 8, 10, 12, 13).

Standing alone, the above allegations would not state a claim against Hain Celestial, as they do not put Hain Celestial on notice of what it allegedly did wrong.

See, e.g., Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret.
Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 734 (2d Cir. 2013) (noting
that Rule 8 requires that "the facts pleaded give the defendant fair notice of the
claim"); Howard v. Mun. Credit Union, No. 05-cv-7488 (LAK), 2008 WL 782760, at
*12 (S.D.N.Y. Mar. 25, 2008) ("While Rule 8 does not prohibit collective allegations
against multiple defendants, it does require that the allegations be sufficient to put
each defendant on notice of what they allegedly did or did not do") (internal
quotation marks, alterations and citations omitted).  But, critically, plaintiff further
alleges that Hain Celestial "manufactures and sells" the Jason Natural Products
allegedly purchased by plaintiff.  (FAC ¶ 3.)  This allegation very narrowly saves
plaintiff's breach of express warranty (Count II), false advertising (Count IV) and
deceptive trade practices (Count V) claims against Hain Celestial.

    A breach of express warranty claim requires proof, inter alia, that the
defendant has made "a material statement amounting to a warranty".  See
Cohn v. Kind, LLC, No. 13-cv-8365 (AKH), 2015 WL 9703527, at *2 (S.D.N.Y. Jan.
14, 2015) (quoting Goldemberg, 8 F. Supp. 3d at 482).  The alleged statements upon
which plaintiff grounds her claim are the representations on the Products' labels
stating "NO . . . SLS".  (See FAC ¶¶ 39; see also id. ¶¶ 3, 6.)  Plaintiff plausibly
alleges that Hain Celestial made these representations.  For instance, she asserts
that "Hain Celestial manufactures and sells natural health and beauty products
under the Jason Natural Brand".  (Id. ¶ 3).  She then also asserts that "Defendants
caused the Products to be produced, supplied, promoted/marketed, and sold to

consumers with the representation that said Products contained 'no . . . SLS,' when they knew or should have known that the Products contained SLS" (id. ¶ 11) and that "Defendants marketed and advertised their Products as being SLS-free even though they knew that the Products contained substantial amounts of SLS" (id. ¶ 7). Accepted as true, these allegations sufficiently—but very, very weakly—tie Hain Celestial to the "NO . . . SLS" representations.  Thus, the Court declines to dismiss the breach of express warranty claim as to Hain Celestial.

The Court reaches a similar conclusion with respect to the false advertising and deceptive trade practices claims.  Under New York law, claims for false advertising and deceptive trade practices both require proof, inter alia, that the defendant engaged in "materially misleading" consumer-oriented conduct.  Orlander v. Staples, Inc., 802 F.3d 289, 300 (2d Cir. 2015) (quoting Koch v. Acker, Merrall & Condit Co., 18 N.Y.3d 940, 941 (2012)) (discussing N.Y. Gen. Bus. Law. §§ 349 and 350, et seq.).  Plaintiff alleges that misleading marketing, advertising, packing and labeling form the allegedly actionable conduct.  (See FAC ¶¶ 49, 59.)  Here too, the above allegations suffice to assert that Hain Celestial directly engaged in this conduct.  As a result, the Court also declines to dismiss the false advertising and deceptive trade practices claims as to Hain Celestial.[3]

---

[3] Plaintiff has not alleged any facts in support of a theory that Hain Celestial is derivatively liable for the conduct of Jason Natural because it exercises complete dominion and control over Jason Natural.  See Beck, 394 F. Supp. 2d at 638; Potash, 719 N.Y.S.2d at 291.

D.    <u>Injunctive Relief</u>

Defendants additionally argue that plaintiff lacks standing to seek injunctive relief because she cannot establish she is likely to again be wronged.  (ECF No. 33 at 11-12.)  The Court agrees.  To obtain an injunction, a plaintiff must demonstrate "a likelihood that he or she will be injured in the future."  <u>Deshawn E.</u>, 156 F.3d at 344 (citing <u>City of Los Angeles</u>, 461 U.S. at 105-06).  Plaintiff's alleged injury, however, is based exclusively on her <u>past</u> purchases of the Products.  (<u>See</u> FAC ¶ 8.) Plaintiff has not plausibly alleged <u>future</u> injury based on <u>future</u> purchases.  To the contrary, the FAC makes clear that plaintiff is not likely to continue purchasing the Products because (1) she is now allegedly aware that they contain SLS; and (2) Jason Natural is revising the "SLS-free" designation on its labeling.  (<u>See</u> <u>id.</u> ¶ 8.) Indeed, plaintiff alleges that "[h]ad the Products <u>not</u> been misleadingly labeled as being SLS-free, [she] would not have purchased" them in the first place. (<u>Id.</u> ¶ 8 (emphasis in original).)  Under these circumstances, plaintiff has failed to demonstrate a likelihood of future harm and, therefore, lacks standing to seek injunctive relief.  Plaintiff's request for injunctive relief is thus dismissed.

E.    <u>Nationwide Class Allegations</u>

Defendants contend that plaintiff's nationwide class allegations should be dismissed under Rule 12(f) because plaintiff's common law claims (of which only unjust enrichment and breach of express warranty remain) "vary materially from state to state."  (ECF No. 33 at 15.)  This argument is premature because it raises issues "'that would be decided in connection with determining the appropriateness

of class certification'".  See Yang Chen, 2014 WL 7389011, at \*7 (quoting Kassman v. KPMG LLP, 925 F. Supp. 2d 453, 464-65 (S.D.N.Y. 2013)) (denying motion to strike class allegations premised on argument that complaint did not satisfy Rule 23(a) and Rule 23(b)(3)'s predominance requirements, among others).

V.      CONCLUSION

For the reasons set forth above, defendants' partial motion to dismiss is GRANTED in PART and DENIED in PART.  Counts I and III and plaintiff's prayer for injunctive relief are dismissed with prejudice.

The Clerk of Court is directed to terminate the motion at ECF No. 32.


SO ORDERED.

Dated:      New York, New York
            January 18, 2017


_____
            KATHERINE B. FORREST
            United States District Judge