

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LORI D. GORDON, on behalf of herself
and all others similarly situated,

Plaintiff,

No. 1:16-cv-06526

v.

THE HAIN CELESTIAL GROUP, INC.,
a Delaware corporation; JASON
NATURAL PRODUCTS, INC.,
a California corporation,

Defendants.

## OBJECTION OF PAMELA A. SWEENEY, PRO SE TO SETTLEMENT AND NOTICE OF INTENT NOT TO APPEAR AT FAIRNESS HEARING

NOW COMES, Pro Se Objector PAMELA A. SWEENEY and hereby files these objections to the proposed settlement in this matter.

### PROOF OF MEMBERSHIP IN THE CLASS

PAMELA S. SWEENEY ("Objector") has reviewed that certain notice of class action settlement which is dated May 5, 2017 (the "Notice"). As a result, she believes that she is a member of the class, as it is defined in the Notice. She intends to file a timely claim in this matter. Her address, e-mail address and telephone number are listed at the conclusion of this objection.

## NOTICE OF INTENT NOT TO APPEAR

Objector hereby gives notice that she does **NOT** intend to appear at the Settlement Hearing at 9:00AM on September 22, 2017, in the United States District Court of the Southern District of New York, 500 Pearl Street, New York, New York 10007 in the Courtroom of the Honorable Katherine B. Forrest (the "Court"). She does, however, request the Court to review this objection and implement the changes suggested herein to the Order for Final Approval of Class Action Settlement and Award of Attorney Fees.

## REASONS FOR OBJECTING TO THE SETTLEMENT

Objector asserts that the attorney fee request is unreasonable. Although the fee request, on its face, appears to be reasonable using both the percent of the fund method and the loadstar crosscheck- a detailed look into the actual work in the case suggests this case was a "done deal from the get go". Therefore, what might appear to be a reasonable fee request is in fact is a monetary "windfall" to Class Counsel. Objector is not suggesting any sinister or intrepid intent on the part of the attorneys for the Class, but rather, sometime a case comes along and it is a "shoe in". Frankly, the attorneys merely "got lucky". Accordingly, for the following reasons, inter alia, the Objector hereby states

that the attorney fee request is excessive and as a result the proposed settlement is not fair, reasonable nor adequate.

## ARGUMEMENT

The Objector has reviewed the Docket for this case and has read the pertinent entries. The Objector is full of praise and respect for Class Counsel's work and reputation and Objector is cognizant of the time sheets presented in this case and is further respectful of those records which were presented to the Court. However, notwithstanding Objector's understanding and respect, she believes, the attorney fees requested are unreasonable in that there was limited litigation activities in this matter.

A review of the docket on PACER indicates there are only 56 Docket Entries. Moreover, very few of the Docket Entries are legally substantive in nature. Most of the Docket Entries are procedural in nature.

This case was a ministerial matter at best. In fact, there was no significant discovery disputes. There was no vigorous motion practice nor a motion for summary judgment. Needless to say there was no trial nor any appeals taken. In short, a 56 Docket Entries in a case where Class Counsel is asking for, fees and costs of $200,000.00 and for additional class incentive awards to the

named Plaintiffs, is not reasonable. Assuming the Court were to grant Plaintiff's Counsel request, then each Docket Entry would be worth a breathtaking $3,571.00 PER DOCKET ENTRY!

*In re: Eastman Kodak ERISA Litigation*, (Gedek v. Perez, 12-cv-6051L (W.D.N.Y.)) the Court honed in on the issue of the reasonableness of class counsel's fee request. In finding the fee request unreasonable the court stated: "Nevertheless, the Court concludes that the ... fee request is excessive in light of the circumstances of this case. The litigation activities were relatively modest. That is a factor. ... [T]he pre-settlement proceedings were primarily comprised of the filing and consolidation of the complaints, briefing and argument on a single set of motions to dismiss, engagement in the very early states of discovery including the exchange of production requests, document production and review, and some discovery-related motion practice, and the preparation of written submissions for what turned out to be a single day of mediation." *Id.*

Likewise in this matter, the Docket Entries suggest many Entries were simple notices (usually a 1 or 2 page document); several others were in reference to letters filed with Court (usually a brief correspondence with some reference to a procedural "housekeeping" matter); many others were in regard to a *pro hoc*

*vice* requests or changes in counsel; others were documents generated by the Court in the form of an order, minute entry or a filing of a transcript and finally there were many Docket Entries from the Court or the Clerk's office regarding procedural items. Obviously many of the Docket Entries were also generated by the Defendant. This is hardly the record of a case justifying Class Counsel's requested attorney fees and expenses in the amount of $200,000.00.

Courts are aware that in litigation there are inherent inefficiencies and redundancies that occur with respect to the time expended on a case employing numerous attorneys, which are outside the scope of compensable attorneys' fees." *Severstal Wheeling, Inc.*, 2016 U.S. Dist. LEXIS 53563 at *15. As a result, "across the-board percentage cuts in hours" have been recognized by the Second Circuit as "a practical means of trimming fat from a fee application." *In re "Agent Orang" Prod. Liability Litig.*, 818 F.2d 226, 237 (2d Cir. 1987). See also *Pig Newton, Inc. v. Board of Directors of the Motion Picture Indus. Pension Plan,* 2016 U.S. Dist. LEXIS 22395 at *19-*20 (S.D.N.Y. 2016) (imposing multiple levels of reduction, with a default 15% in reduction in hours to account for billing redundancies).

This is exactly the case here. The ministerial efforts do not allow for a full fee award and this Court should reduce the fee award to $150,000.00. The

$50,000.00 savings should then be added to the settlement fund to be distributed to the Class Members.

2. The Objector hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;

2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.

3. Award an incentive fee to this Objector for her role in improving the Settlement.

Respectfully submitted,

*/s Pamela A. Sweeney, Pro se*
Pamela A. Sweeney, Pro Se
2672 Mutchler Road
Madison, WI 53711
(310)-339-0548
pam.sweeney1@gmail.com

# CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2017, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for Southern District of New York by sending this document via Overnight Delivery so that this document would be delivered within the timeframe described in the Notice published in this case. In addition, when the Clerk files this document in the docket for this case all parties in this case who use the CM/ECF filing system will be noticed. In addition all counsel named in the Notice are copied by email.

s/ <u>Pamela A. Sweeney, Pro Se</u><br>Pamela A. Sweeney, Pro Se




Pro Se
SM


ORIGIN ID:L
PAM SWEENEY
2672 MUTCHL
MADISON, WI
UNITED STAT

TO
CLERK
500 PE

NEW
(000) 000-00


TRK# 0201 77

XA

SWEENEY
2672 Mutchler Road
Madison, WI 53711

CLERK OF COURTS
U.S. D.C. Southern
District of New York
500 Pearl Street
New York, N.Y. 10007

RECEIVED
2017 AUG 15 AM 8:38
SDNY DOCKET UNIT