IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORI D. GORDON, on behalf of herself and all others similarly situated,<br><br>   Plaintiffs,<br>vs.<br><br>THE HAIN CELESTIAL GROUP, a Delaware corporation; JASON NATURAL PRODUCTS, INC., a California Corporation,<br><br>   Defendants. | Case No. 16-CV-06526-KBF<br><br>~~[PROPOSED]~~ JUDGMENT AND FINAL ORDER |

IT IS HEREBY ADJUDGED AND DECREED THAT:



1. This Judgment incorporates by reference the definitions in the Stipulation of Settlement dated April 20, 2017 ("Stipulation"), and all terms used herein shall have the same meanings as set forth in the Stipulation unless set forth differently herein. The terms of the Stipulation are fully incorporated in this Judgment as if set forth fully here.

2. The Court has jurisdiction over the subject matter of this action and all Parties to the action, including all Settlement Class Members.

3. The Court hereby adopts and reaffirms the findings and conclusions set forth in the Preliminary Approval Order.

4. Pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3), the Court hereby certifies the following Settlement Class:

   All persons who purchased JASON Natural Product Long & Strong Jojoba Pure Natural Shampoo, JASON Volumizing Lavender Shampoo, JASON Normalizing Tea Tree Treatment Shampoo, JASON Dandruff Relief 2 in 1 Treatment Shampoo & Conditioner, and/or JASON Smoothing Coconut Body Wash in the United States between August 17, 2011 and the Notice Date.

   Excluded from the Settlement Class are (a) Defendants' employees, officers and directors; (b) persons or entities who purchased the above-referenced products for the purpose of re-sale; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided herein; and (e) the Court, the Court's immediate family, and Court staff.

5. Pursuant to Federal Rules of Civil Procedure, Rule 23(c)(3), all such Persons who satisfy the Settlement Class definition above, except those Settlement Class Members who timely and validly excluded themselves from the Settlement Class, are Settlement Class Members bound by this Judgment.

6. The Court finds that the Settlement Class meets all requirements of Federal Rules of Civil Procedure, Rule 23(a), (b)(2), and (b)(3) for certification of the class claims alleged in the Complaint, including: (a) numerosity; (b) commonality; (c) typicality; (d) adequacy of the class representative and Class Counsel; (e) predominance of common questions of fact and law among the Settlement Class; and (f) superiority.

7. Settlement Class Members, if any, that have timely and validly excluded themselves from the Settlement Class are identified in Exhibit A attached hereto. Settlement Class Members not listed in Exhibit A shall be bound by the Settlement and the terms of the Settlement Agreement.

8. The form, content, and method of dissemination of the Class Notice given to Settlement Class Members – as previously approved by the Court in its Preliminary Approval Order

– were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Rule 23(c) and (e) and Due Process.

9. Pursuant to Federal Rules of Civil Procedure, Rule 23(e)(2), the Court finds after a hearing and based upon all submissions of the Parties and Interested Persons, the proposed Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class. The terms and provisions of the Stipulation are the product of lengthy, arms-length negotiations conducted in good faith. Approval of the Stipulation will result in substantial savings of time, money and effort to the Court and the Parties, and will further the interests of justice. Thus, the Settlement is approved in all respects.

10. The Stipulation provides for monetary benefits to Settlement Class Members who submit valid and timely Claim Forms. The Court approves those benefits and approves the distribution plan for the Settlement Fund as provided in the Stipulation.



11. ~~The Court has considered and overruled any and all objections to the Settlement.~~ 

12. Neither the Settlement, this Judgment, nor the fact of the Settlement constitutes any admission by any of the Parties of any liability, wrongdoing or violation of law, damages or lack thereof, or of the validity or invalidity of any claim or defense asserted in the Litigation.

13. The Court has considered the submissions by the Parties and all other relevant factors, including the result achieved and the efforts of Class Counsel in prosecuting the claims on behalf of the Settlement Class; that Plaintiff initiated the Litigation, acted to protect the Settlement Class, and assisted Class Counsel; that the efforts of Class Counsel have produced the Stipulation, which was entered into in good faith and provides a fair, reasonable, adequate and certain result for the Settlement Class. As such, the Court finds that Class Counsel is entitled to a reasonable Fee and Expense Award for their work, which the Court finds to be $~~2.00~~ 000. Further, Plaintiff is entitled to an incentive award of $5,000. The Fee and Expense Award and Plaintiff's incentive award shall be paid out of the Settlement Fund created by Defendants pursuant to the Stipulation.

14. The Court hereby dismisses with prejudice the action, and all Released Claims against each and all Released Persons and without costs to any of the Parties as against the others.

15. ~~Without affecting the finality of this Judgment, the Court reserves jurisdiction over the implementation, administration and enforcement of this Judgment and the Stipulation, and all matters ancillary thereto.~~ (KBP)

16. The Court finding that no reason exists for delay in ordering final judgment pursuant to Federal Rules of Civil Procedure, Rule 54(b), the clerk is hereby directed to enter this Judgment forthwith.

17. The Parties are hereby authorized without needing further approval from the Court, to agree to and adopt such modifications and expansions of the Stipulation, including without limitation, the forms to be used in the claims process, which are consistent with this Judgment and do not limit the rights of Class members under the Stipulation.

IT IS SO ORDERED.

DATED: 9/22/17

*[signature]*
The Honorable Katherine B. Forrest
United States District Court Judge

*The Clerk of Court should terminate this action.*

*KB. Forrest*
*USDJ*
*9/22/17*